**Lee Royal WILLIAMS, Petitioner,**

v.

**VIRGINIA PROBATION AND PAROLE BOARD, Respondent.**

**Civ. A. No. 75–0044(R).**

United States District Court,
W. D. Virginia,
Roanoke Division.

Aug. 12, 1975.

Lee Royal Williams, pro se.

Linwood T. Wells, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

Lee Royal Williams, petitioner, has filed an action under 42 U.S.C. § 1983 alleging that the Virginia Probation and Parole Board (hereinafter the Board), respondent, denied him due process in denying him parole on December 23, 1974. Jurisdiction is conferred upon this court by virtue of 28 U.S.C. § 1343. Petitioner was allowed to proceed *in forma pauperis* with this *pro se* complaint.

Petitioner alleges that the Board:

1) acted arbitrarily and capriciously in denying petitioner's application for parole;

2) did not afford petitioner an opportunity to call, examine, or cross examine any witnesses;

3) did not allow petitioner to examine his "control" file for damaging information;

4) granted petitioner only a ten minute interview; and

5) did not discuss a possible parole plan with the petitioner.

Because there was a case pending in this court which raised the very same due process allegations, *Franklin et als. v. Shields et als*, 399 F.Supp. 309 (W.D. Va. decided August 5, 1975) this court refrained from considering this present case until *Franklin* had been decided. In *Franklin* this court determined the minimal due process standards applicable to a parole hearing. The court held that the due process requisites in a parole hearing included 1) the right to a hearing, 2) the right to examine the parole files, while allowing the Board to protect the identity of confidential sources or evaluations which might harm the inmate (such as psychiatric evaluations), 3) the right to have written notice of the standards by which the Board makes its determinations, and 4) the right to a written explanation of the

basis of the Board's denial of an application for parole. In *Franklin* the court specifically held that a parole applicant was not constitutionally guaranteed the right to call witnesses or to cross examine Board witnesses.

■■■ In denying petitioner's application for parole the Board gave petitioner written notice of its reasons for the denial:

1) Your long record of law violations makes it desirable that you prove yourself for a longer period of time.

2) You have failed to profit from probation.

The court holds that these reasons are sufficient and give no support to petitioner's contention that the Board acted arbitrarily and capriciously. Moreover, the Board has a wide discretion in ultimately granting or denying parole and this court will not second-guess the Board's analysis of the myriad factors bearing on whether an individual inmate gets parole, *Christmas v. Boxley*, F.2d (4th Cir., Slip Opinion No. 74–2351, decided July 7, 1975). Furthermore, although a personal appearance or hearing has been held to be constitutionally mandated, the amount of time required for the hearing is not an issue with which this court has endeavored to prescribe and the court will not attempt to do so. Therefore, the mere fact that a hearing was only for ten minutes does not in and of itself violate any minimum due process requirements.

■■ ■ The remaining issues before the court are petitioner's allegation that the Board did not provide him with a parole plan and that he was not permitted access to his "Control" or Prisoner Classification File. In *Franklin v. Shields, supra,* this court required the Board to furnish petitioners access to their Prisoner Classification Files within a reasonable time before their parole hearing. In respondent's motion to dismiss, respondent admits that petitioner was not allowed access to his file. Therefore, the court holds that this denial of access to the Prisoner Classification File deprived petitioner of his right to minimum due process in a parole hearing and accordingly the court orders that petitioner be afforded a new hearing before the Board and further that he be provided access[1] to his Prisoner Classification File within a reasonable time before a new hearing takes place. The court realizes that the decision in *Franklin v. Shields, supra,* was just handed down and that therefore the Board will require a reasonable amount of time in making the necessary adjustments so as to conform with the court's holding. Therefore, the court will not expect that the new hearing be granted immediately but that it be granted as soon as practicable.

■ Petitioner's allegation that his due process rights were abridged by the Board in that they did not provide him with a parole plan is without any legal merit. In providing written notification to inmates of the Standards the Board uses and written notice of the basis for the Board's decision, so long as the reasons have relevance to the standards announced, the Board has fulfilled the due process requirements. The Board has no constitutional duty to provide an inmate with a tailored-made parole plan, even though it might have a positive rehabilitative effect.

The clerk is directed to certify a copy of this opinion and judgment to petitioner and to counsel for respondent.

---

1. The prisoner is allowed access to his file in accordance with the limitations noted in *Franklin v. Shields.* For example, information is often supplied by persons (such as neighbors and law enforcement officials) whose identity should remain confidential and the Board in its discretion is allowed to remove such information so as to insure these persons against any threats or reprisals. The court emphasizes that persons supplying the Board with information must be protected from any fear of retaliation.

Additionally, files often contain information in the nature of medical or psychiatric reports which could be misunderstood by the prisoner to his detriment. Such information may also be removed by the Board in its discretion with the purpose of protecting the prisoner.