**Larry Grant BOWRING, Plaintiff,**

v.

**CHAIRMAN, VIRGINIA PAROLE BOARD, Defendant.**

**Civ. A. No. 77–0101.**

United States District Court, W. D. Virginia, Roanoke Division.

Aug. 22, 1977.

Larry Grant Bowring pro se.

Linwood T. Wells, Jr., Asst. Atty. Gen., Richmond, Va., for defendant.

### MEMORANDUM OPINION and ORDER

TURK, Chief Judge.

Plaintiff Larry Grant Bowring, an inmate of the Virginia State Penitentiary, instituted this civil rights action under 42 U.S.C. § 1983 against defendant chairman of the Virginia Parole Board seeking injunctive relief and challenging the action of the Board in its denials of his applications for parole. The case is before the Court on defendant's motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted, supported by an affidavit and parole board records. Upon receipt of defendant's motion and the accompanying materials, the clerk notified plaintiff of his right to file counter affidavits or other relevant evidence and he subsequently filed an affidavit. Because the Court has received material outside the pleadings and has considered it in reaching its opinion, the present motion will be treated as a motion for summary judgment by the defendant. Fed.R.Civ.P. 12(b); *Plante v. Shivar*, 540 F.2d 1233, 1234–35 (4th Cir. 1976); *Daye v. Bounds*, 509 F.2d 66, 68 (4th Cir.), *cert. denied*, 421 U.S. 1002, 95 S.Ct. 2404, 44 L.Ed.2d 671 (1975).

Plaintiff Bowring has been denied parole in each of his four attempts during the years from 1974–1977. His complaint alleged the parole board failed to furnish him with legally sufficient reasons for the four denials in violation of the Due Process Clause of the 14th Amendment. This court has held the Virginia Parole Board should furnish a statement of reasons for parole denials. *Franklin v. Shields,* 399 F.Supp. 309, 318–19 (W.D.Va.1975). Under *Franklin* the reasons granted should be as clear and precise as possible but to be constitutionally valid such reasons need only be substantially related to the criterion adopted by the board for granting parole. Defendant has filed with the court copies of the four letters sent to plaintiff denying him parole. The copies and the chairman's affidavit are unchallenged by plaintiff and as such may be relied upon in this motion for summary judgment. Fed.R.Civ.P. 56(e); *Swain v. Garribrant,* 354 F.Supp. 631, 634 (E.D.N.C.1973).

In 1974 the Board denied parole because: (1) "[y]our institutional behavior has been poor, and you have done little to improve yourself since incarceration, and (2) [y]our present attitude and behavior are not suitable for parole supervision."

In 1975 the defendant wrote: "The Board does not think that you are ready yet to handle the disciplines and responsibilities of parole."

In 1976 the defendant stated two reasons for denying parole: (1) The Board continues to be very concerned over the nature of your offenses. Your actions placed the safety of children in considerable jeopardy. (2) You seem to have had a good year; however, your institutional behavior until 1975 was quite unsatisfactory. The Board is not convinced it would be compatible with the public interest to parole you at this time.

In 1977 the defendant wrote: "Your institutional record is not satisfactory as indicated by the fact you have been convicted for two offenses committed as an inmate."

In *Franklin v. Shields* this court wrote:

The Board requires a large degree of discretion in exercising its judgment, and the court does not believe that a detailed narrative justifying the denial of parole is constitutionally required. The present procedure of supplying general reasons which are substantially related to the parole decision criteria and providing further explanation on request is constitutionally sufficient. 399 F.Supp. at 319.

The reasons granted by the Board in its four letters denying parole conform with these standards, and plaintiff's challenge must fail. *Williams v. Virginia Probation and Parole Board,* 401 F.Supp. 1371, 1373 (W.D.Va.1975). Because plaintiff's complaint fails to state a claim upon which relief can be granted and because he has failed to show there is a genuine issue as to any material fact, summary judgment must be entered against him. Accordingly, defendant's motion for summary judgment is granted.