Gerald A. Washington, Petitioner *v.* Fred W. Jacobs, Chairman of the Pennsylvania Board of Probation and Parole and William B. Robinson, Commissioner of Pennsylvania Bureau of Corrections and Julius T. Cuyler, Superintendent of the State Correctional Institution at Graterford, Pennsylvania and Anthony J. Sepela, Records Officer for Bureau of Correction of the State Correctional Institution Located at Graterford, Pennsylvania, Respondents.

Submitted on briefs, March 28, 1978, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT and DiSALLE.

*Gerald A. Washington,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondents.

OPINION BY JUDGE DiSALLE, June 2, 1978:

Gerald A. Washington (Petitioner) filed a petition for review of the action of the Pennsylvania Board of Probation and Parole (Board) which extended Petitioner's original maximum sentence date. The Board filed an answer and new matter and the Petitioner replied to the new matter. Both parties filed motions for summary judgment which are now before us for disposition.

The facts are as follows: On October 25, 1972, Petitioner was sentenced to a term of two to ten years for the offense of voluntary manslaughter. The effective

date of his sentence was October 16, 1970, with a minimum date of October 16, 1972, and a maximum date of October 16, 1980. On February 9, 1973, Petitioner was paroled subject to the standard limitations upon his activities. On March 15, 1973, Petitioner was arrested on robbery and other charges. On March 16, 1973, the Board filed a parole violation warrant against Petitioner, and a detention hearing was scheduled on March 27, 1973, but due to a gunshot wound Petitioner was unavailable. The hearing was rescheduled for April 3, 1973. Again, Petitioner was unavailable because he had been transferred to another institution to answer the robbery charges. On May 14, 1973, the detention hearing was held.

Petitioner maintains that his rights were violated because he did not have his first level hearing within 15 days after the Board's warrant was issued. The argument is untenable. The Board attempted to have the detention hearing within 15 days but was unable to do so because of the Petitioner's unavailability. This first level hearing was held within a reasonable period of time. The Board's rule providing for a preliminary hearing within 15 days after the filing of the warrant or detainer did not go into effect until March 1, 1977. Further, the 15 day rule applies only where there has been no arrest for a new crime.

Following the preliminary detention hearing, it was ordered that Petitioner be detained pending disposition of the criminal charges lodged against him on March 15, 1973. However, on August 19, 1973, Petitioner escaped from the penal institution where he was awaiting trial on the robbery charges. On August 5, 1974, Petitioner was again arrested on new criminal charges. On August 29, 1974, the Board filed a parole violation warrant and the Petitioner had another detention hearing on September 10, 1974.

On October 31, 1975, Petitioner was found guilty of the March 15, 1973, charges, and the Board then scheduled a full revocation hearing for February 5, 1976. The Petitioner appeared at the hearing and requested a continuance in order to secure counsel. On April 8, 1976, the revocation hearing was held and Petitioner was recommitted as a convicted parole violator. On September 15, 1977, Petitioner was sentenced to eight to sixteen years on his conviction for the robbery charges of March 15, 1973. On September 29, 1977, the Board recorded its action to recommit Petitioner as a convicted parole violator. As a convicted parole violator, the Board computed Petitioner's back time to seven years, three months and four days, and his maximum date was readjusted to read May 6, 1982.

Petitioner contends that his rights were violated because his final revocation hearing was not held until approximately 5 months after his conviction on the robbery charges. The conviction was recorded on October 31, 1975, and Petitioner's final revocation hearing was held on April 8, 1976. As was stated in *United States ex rel. Burgess v. Lindsey,* 395 F.Supp. 404 (E.D.Pa. 1975), the final revocation hearing must be held within a reasonable time after the conviction. Here, the final revocation hearing was scheduled for February 5, 1976, some 3 months after the conviction, a period which we consider reasonable. It was Petitioner's request for a continuance which caused the delay in concluding the hearing. In any event, Petitioner was not prejudiced in any manner by having the final hearing approximately 5 months after his conviction. *See Commonwealth v. Holmes,* 248 Pa. Superior Ct. 552, 375 A.2d 379 (1977).[1]

---

[1] The Board's rule that a final revocation hearing must be held within 120 days of a conviction for a new offense was not effective until March 1, 1977. Chapter 71 of the Board's regulations is found at 7 Pa. B. 487.

The Petitioner also contends that the change by the Board of his maximum date from October 16, 1980, to May 6, 1982, is in error. With this we agree. The Petitioner maintains that the Board must give him full credit for the time he was in the Board's custody under the warrant or detainer which was filed on March 16, 1973. This is correct, with one exception. The Board need not credit Petitioner for the time period in which he was an escaped prisoner and, therefore, not in the Board's custody. That period was August 19, 1973, until August 29, 1974, when the Board again refiled a parole violation warrant. The Board must, as we enunciated in *Mitchell v. Pennsylvania Board of Probation and Parole,* 31 Pa. Commonwealth Ct. 243, 375 A.2d 902 (1977), accord the Petitioner credit for the time incarcerated while in the Board's custody subject to its detainer or warrant. The Board readily admits that it has not given Petitioner full credit for incarcerated time while awaiting trial on the March 15, 1973, charges. We will so order.

### ORDER

AND Now, this 2nd day of June, 1978, it is hereby ordered as follows:

1. Petitioner's petition for review challenging the constitutionality of his recommitment is dismissed, and summary judgment is hereby entered in favor of the Pennsylvania Board of Probation and Parole.

2. The Pennsylvania Board of Probation and Parole is hereby ordered to recompute the expiration date of the sentence imposed on Petitioner on October 25, 1972, so as to give Petitioner full credit for his incarceration while in the custody of respondent from March 16, 1973 until October 31, 1975, with the exception of the period between August 19, 1973, and August 29, 1974, and to apply credit to no other sentence.