Gerald F. Ganter, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, July 25, 1979, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKIN-

son, Jr., Mencer, Rogers, Blatt, DiSalle, Craig and MacPhail.

*Gerald F. Ganter,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

Opinion by Judge Wilkinson, Jr., September 4, 1979:

Gerald F. Ganter (Petitioner) filed a "Petition for Writ of Habeas Corpus" which we have treated as a petition for review. The pleadings in the case are closed; and, it appearing that no genuine issue as to any material fact remains, this case may appropriately be disposed of on the cross motions for summary judgment filed by the parties. Pa. R.C.P. No. 1035.

While on release under parole supervision, Petitioner was arrested by Berks County authorities on a variety of criminal charges. We learn from the Certificate of the Chairman of the Pennsylvania Board of Probation and Parole (Board) that action, as recorded on June 13, 1978, was taken following conviction on the new charges to "[r]ecommit [Petitioner] as a convicted parole violator and technical parole vio-

lator when available, to serve unexpired term." Petitioner challenges the Board's action on numerous grounds; we will address the dispositive issues.

Since Petitioner had been charged with technical parole violations he was entitled to the procedural safeguards provided by the Board's regulations found at 37 Pa. Code §71.2. *See Corbin v. Pennsylvania Board of Probation and Parole*, 42 Pa. Commonwealth Ct. 50, 399 A.2d 1202 (1979). When probable cause supporting charges of technical parole violations is established and the scheduling of a violation hearing is deemed appropriate the violation hearing "will be scheduled as promptly as possible, but not later than 120 days of the Preliminary Hearing." 37 Pa. Code §71.2(11).

In this case, Petitioner's preliminary hearing, which was held November 3, 1977, was followed by a combination violation/revocation hearing on June 8, 1978, well beyond the period of time permitted by the Board's regulations. Accordingly we will direct that the charges of technical parole violations be dismissed with prejudice. 37 Pa. Code §71.5(h).

The procedure employed with respect to charges of parole violations based on Petitioner's conviction on new criminal charges is not similarly defective. Petitioner appeared before President Judge G. THOMAS GATES of the Lebanon County Court of Common Pleas on March 10, 1978, and was found guilty on charges of murder, attempted murder, conspiracy, rape, robbery, aggravated assault, and kidnapping. Sentencing was deferred. There is no indication from the pleadings or the accompanying records of the Board as to when official verification of the guilty verdict was received by the Board, but it could in no event have been more than 120 days prior to the violation/revocation hearing. The revocation hearing as to the new convictions was timely, and we will sustain the Board's

action revoking Petitioner's parole. *See* 37 Pa. Code §71.4(2).

We will briefly address one additional point raised by this Petitioner. From the inartfully drawn pleadings submitted by Petitioner we discern on his part a concern with the fact that the Lebanon court had deferred sentencing on the new convictions. For purposes of revoking parole that fact has no significance; the event justifying such action is a *conviction* on new charges.

Accordingly, we will enter the following

ORDER

AND Now, September 4, 1979, the order of the Pennsylvania Board of Probation and Parole as recorded on June 13, 1978, which read "Recommit as a convicted parole violator and technical parole violator when available, to serve unexpired term" is modified to read "Recommit as a convicted parole violator when available, to serve unexpired term." Petitioner Gerald F. Ganter's motion for summary judgment, to the extent it sought to have the charges of technical violations dismissed, is granted. The Board's cross motion for summary judgment with respect to the Order as modified is granted.