Joseph Blair, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs July 25, 1979 before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle, Craig and MacPhail.

*Joseph Blair*, petitioner, for himself.

*Robert A. Greevy*, Assistant Attorney General, with him *Edward G. Biester, Jr.*, Attorney General, for respondent.

Opinion by Judge Crumlish, Jr., December 12, 1979:

Joseph Blair in this petition for review alleges that the Pennsylvania Board of Probation and Parole (Board) did not hold a final revocation hearing within a "reasonable time." To the Board's answer and Chairman's Certificate, Blair responded with a motion for summary judgment. The Board filed a cross-motion for summary judgment with the supporting affidavit of Blair's Institutional Parole Supervisor. No opposing affidavit was filed.

Blair was convicted and sentenced in Philadelphia County on January 3, 1974, to a two to eight year

term for voluntary manslaughter. After parole on January 4, 1977, he was re-arrested on April 5, charged with murder, criminal attempt murder, aggravated assault, possession of an instrument of crime (two counts), and possession of an offensive weapon (two counts). On April 7, 1977, a parole violation warrant was filed based on the new criminal charges and technical parole violations. The Board held a preliminary detention hearing with Blair and counsel present. On May 12, 1977, the Board ordered that Blair be detained pending disposition of criminal charges, and a violation hearing be immediately scheduled. On July 11, 1977, a signed waiver of a full board hearing was made. With notice of charges and hearing forwarded, the violation hearing scheduled for August 2, 1977, was continued at the written request of Blair and counsel until after trial. On December 20, 1977, he was convicted of first-degree murder, aggravated assault, and possession of an instrument of crime, but sentencing was deferred.

Blair and counsel were notified that the continued hearing was to be promptly scheduled. In preparation for the hearing, Petitioner was interviewed on February 21, 1978, by the Institutional Parole Supervisor. Blair again requested a continuance of the hearing until after sentencing. This oral request for continuance is central to the controversy. The day after Blair's interview with the Parole Supervisor, public defender asserted that Blair never sought another continuance.

The full Board violation and revocation hearing was held on November 17, 1978 with counsel present. Blair was sentenced on November 21st to life imprisonment for murder, a concurrent term of two and one-half years to five years for possession of an instrument of crime, and a term of five to ten years for aggravated assault, to run consecutively with the life

sentence. He was received on November 27, 1978 at the State Correctional Institute at Graterford. On February 27, 1979, the parole board decided to "Recommit as a Convicted Parole Violator to serve unexpired term. Reasons: Prior conviction for murder or homicide. Weapon—offense. Assault in offense. Helpless victim." As a convicted parole violator, Petitioner's backtime is six years and his maximum term was modified to expire on April 7, 1983.

Blair's preliminary legal sparring will be disposed of first. Petitioner denies that he sought a post-sentence continuance, offering in support of his contention a letter from counsel to Assistant Attorney General Robert A. Greevy dated November 28, 1978, which states that Blair "could not understand why the parole board had not held his hearing. Consequently, Mr. Blair never knowingly and voluntarily waived his right to a full board hearing within 120 days." With this we do not agree.

It is uncontroverted that on February 2, 1978, a Notice of Charges and Hearing was forwarded to Petitioner and his counsel, plainly delineating the revocation hearing date, time and location, and his participation in a pre-hearing interview. Second, the unopposed affidavit of the Parole Supervisor in support of the Board's motion for summary judgment states that Blair sought a final revocation hearing continuance until an adjudication of the criminal charges, and that the request was noted in his parole file (No. 622-K) at Institutional Parole Services' Field Office.

Procedurally, Pa. R.C.P. No. 1035(d) provides that when a motion for summary judgment is made and supported, the adverse party in responding may not rely solely on the allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. "If he does not so respond, summary judgment, if appropriate, shall be

entered against him.'' *Johnston v. Pennsylvania Board of Probation and Parole*, 34 Pa. Commonwealth Ct. 113, 116-17, 383 A.2d 233, 235 (1978). Hence, where the moving party had filed supporting affidavits, his opponent's affidavit must contain contradictory averments or the mover's statement of fact will be accepted as true. Petitioner has not met this burden.

Blair next argues that no provision is made in the rules for continuances. This argument is absurd. The rules specifically provide at 37 Pa. Code §71.4(2)(ii), that:

> The hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or *nolo contendere* of the guilty verdict at the highest trial court level except as follows:
>
> . . . .
>
> (ii) If the parolee requests a continuance of a Revocation Hearing which is granted by the Board, the Board will make reasonable efforts to reschedule the Revocation Hearing at the earliest opportunity *consistent with the request of the parolee for a continuance.* (Emphasis added.)

We have repeatedly approved continuances sought in accordance with this regulation. *Corbin v. Pennsylvania Board of Probation and Parole*, 42 Pa. Commonwealth Ct. 50, 55, 399 A.2d 1202, 1204 (1979); *Washington v. Jacobs*, 35 Pa. Commonwealth Ct. 603, 606, 386 A.2d 631, 633 (1978).

We now turn to the heart of the matter. May the Parole Board delay a full revocation hearing until after sentencing in response to a parolee's oral request for continuance? In this case, we so hold.

The intention of the continuance rule in giving a parole violator reasonable opportunity to prepare his

case must include written and oral requests if it is to have maximal meaning. *See* 37 Pa. Code §71.4(2)(ii). Petitioner states that an oral request is invalid. Without more to dispute the effectiveness of the request, it "would be manifest error for this Court to establish such a prophylactic rule under the guise of judicial interpretation." *See Commonwealth v. Jones*, 250 Pa. Superior Ct. 116, 120, 378 A.2d 481, 483 (1977).

The ultimate question is one of reasonableness. The considerations which come into play include the length of and reasons for the delay as well as prejudice to the individual's rights. *Commonwealth v. Waters*, 252 Pa. Superior Ct. 357, 361, 381 A.2d 957, 959 (1977). The record clearly shows that the 120-day maximum hearing date rule was waived by the persistence of the petitioner, and the Board's basic fairness in adhering to the rules by promptly allowing continuances. Another important concern is whether the delay will ignore the primary purpose of a prompt revocation hearing as preventing "the loss of essential witnesses or documentary evidence and the continuance of unnecessary incarceration or other limitations on personal liberty." *Commonwealth v. Williams*, 254 Pa. Superior Ct. 202, 209, 385 A.2d 979, 983 (1978), *citing Commonwealth v. Jones*, 250 Pa. Superior Ct. 116, 121, 378 A.2d 481, 483 (1977). Here, Blair has not been prejudiced by the delay. We find no supportable suggestion in either the record or the briefs that the passage of time has caused the absence of witnesses, evidence or supporting documentary data. He was convicted while on parole on December 20, 1977, sentenced on November 21, 1978, and received at Graterford on November 27, 1978. He was detained awaiting sentence and not simply awaiting the full board revocation hearing. Being in custody during this period, he suffered no loss of freedom by the delay, and has never suggested that the delay im-

peded his defense. *See Commonwealth v. Long,* Pa. Superior Ct.    , 400 A.2d 179 (1979).

Let us not forget that " 'the mandate of a prompt revocation hearing is as much a directive designed to protect society as it is designed to protect the interests of the accused.' " *Commonwealth v. Williams, supra,* at 209, 385 A.2d at 983, *citing Commonwealth v. Parker,* 244 Pa. Superior Ct. 113, 118, 366 A.2d 941, 943-44 (1976). This conclusion assures us that the rights of society and needs of its members are protected. Can it seriously be said that his parole program was effective in accomplishing either deterrence or rehabilitation? Obviously not. Since his parole on January 4, 1977, Blair has been convicted of first-degree murder and aggravated assault, heinous crimes of a violent nature. A just result is easily reached where no prejudice to Petitioner has resulted from the delay.

Accordingly, we

## ORDER

AND Now, this 12th day of December, 1979, it is ordered that the motion for summary judgment filed by the respondent, Pennsylvania Board of Probation and Parole, is hereby granted. The motion for summary judgment filed by Petitioner, Joseph Blair, is hereby denied.