Joseph Blair, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, with him, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, January 26, 1983:

In an earlier phase of this proceeding, docketed to our original jurisdiction, we granted the motion for summary judgment in favor of the respondent, Commonwealth of Pennsylvania, Board of Probation and Parole (Board) and against the petitioner, Joseph Blair. By order of the Supreme Court dated April 17, 1980, our order was vacated and the case was remanded to this Court for further consideration in the light of *Bronson v. Board of Probation and Parole,* 491 Pa. 549, 421 A.2d 1021 (1980), *cert. denied,* 450 U.S. 1050 (1981), which held that parolees in the position of Mr. Blair have the right to counsel in the prosecution of their parole revocation challenges and that

such challenges are not within the original jurisdiction of this Court but, instead, are properly classified as appeals from the action of an administrative agency within our appellate jurisdiction.

The facts and legal issues underlying Mr. Blair's challenge to the revocation of his parole are contained in the opinion accompanying our earlier order and are reported at 47 Pa. Commonwealth Ct. 636, 408 A.2d 907 (1979). For the purposes of this decision, it is sufficient to repeat that Mr. Blair primarily contends that a hearing on the matter of the revocation of his parole was required to be conducted within 120 days of his conviction for offenses committed while on parole but that no such hearing was held for over eleven months following the conviction. The Board's position is that Mr. Blair requested and was granted a continuance of the required hearing and that the hearing eventually held was timely with reference to this continuance. The fact that the continuance was requested and granted was established for the purposes of the Board's Motion for Summary Judgment by an unopposed affidavit of a Parole Supervisor.

As we have indicated, the matter is now before us for a second time, the petitioner is now represented by counsel, and the case is clothed in the garb of an appeal. To the petitioner's filing, styled a "Supplemental Brief for Petitioner," is appended an exhibit containing the sworn assertions of Mr. Blair that he "never requested, either orally or in writing, a continuance of [his] final revocation hearing . . . ." This affidavit clearly puts at issue the factual contention of the Board crucial to a determination of whether the petitioner's revocation hearing was timely conducted.

Since we are unable, in the context of this appeal, to resolve this factual dispute, we are constrained to remand the matter to the Board for further proceed-

ings including, at least, the determination of whether the petitioner requested a continuance of his parole revocation hearing, whether such request was granted, and, if so requested and granted, whether the hearing ultimately held was timely.

ORDER

AND Now, this 26th day of January, 1983, the record in the above-captioned matter is remanded to the Board of Probation and Parole for further proceedings consistent with this opinion.