Joseph Blair, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submittted on briefs to Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

42

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, October 25, 1983:

The issue in this case, as it has been from the beginning, is essentially one of fact—that of whether the petitioner, Joseph Blair, in February, 1978, while confined in the Philadelphia County Prison awaiting sentence after conviction of an offense committed while on parole, requested a continuance of his revocation hearing.

Blair had been convicted of the new offense on December 20, 1977; he was provided a full board revocation hearing on November 17, 1978. He has maintained that he never requested a continuance and that his hearing was not therefore held within a reasonable time fixed by regulation at 120 days, 37 Pa. Code §71.4 (2).[1]

---

[1] The underlying facts and legal issues of this challenge are described in the opinion accompanying our order made December 12, 1979, granting the Board's motion for summary judgment reported at 47 Pa. Commonwealth Ct. 636, 408 A.2d 907 (1979). The order was vacated by order of the Supreme Court dated April 17, 1980, and the record remanded to this court for further consideration in light of *Bronson v. Board of Probation and Parole,* 491 Pa. 549, 421 A.2d 1021 (1980), *cert. denied,* 450 U.S. 1050 (1981). The holdings of *Bronson* were that challenges to Board actions concerning revocations of parole are not within the original jurisdiction of this court

When the matter was last before us, not being satisfied that there was record evidence for the board's assertion that Blair had requested a continuance, as the board has maintained but Blair denied, we remanded for a hearing and findings on this issue by our order dated January 26, 1983. The board thereafter conducted a further hearing and has made the following findings:

4. The conviction upon which the revocation hearing was based occurred on December 20, 1977.

5. On January 4, 1978, Mr. Blair requested a full Board hearing.

6. Institutional Parole Representative Andrew Shepta interviewed Mr. Blair on February 21, 1978 and notes were made at the time of that interview.

7. On that date, as supported by Mr. Shepta's notes, Mr. Blair requested a continuance, which request was granted.

8. Mr. Blair did not waive the full Board revocation hearing.

These findings based on evidence the Board credited establish that Blair did request a continuance and that the hearing held November 17, 1978 at the Philadelphia County Prison was not untimely.

Since, as also appears, Blair declined to waive a full Board hearing and remained in county custody until November 17, 1978, the full board hearing held on that date was timely by virtue of 37 Pa. Code §71.4 (2)(i), which provides that where a parolee confined

but are appeals from the Board within our appellate jurisdiction and that the challengers have the right to counsel in pursuit of their appeals.

in a county institution has not waived a full Board revocation hearing, such hearing must be held within 120 days of the parolee's return to a state correctional facility; and further that only where such hearing is waived must the parolee be provided a revocation hearing within 120 days of the conviction.

The petitioner additionally urges that we find that 37 Pa. Code §71.4(2)(i), which requires parolees confined in county institutions (or otherwise beyond the jursidiction of the Pennsylvania Bureau of Corrections) who desire prompt revocation hearings to waive their right to a full Board hearing is violative of equal protection. In this connection he asserts, as we understand his argument, that his right to have his parole status promptly decided is a fundamental right, with the result that the Commonwealth has the burden of showing a compelling state interest in the different treatment accorded persons incarcerated in county institutions who are willing to waive a full Board hearing, on the one hand, and those who, like himself, are unwilling to waive the full Board hearing, on the other.

Of course, parole is not a matter of fundamental right; indeed, it is a matter of grace and mercy on the part of the Commonwealth, acting through the Board of Probation and Parole. *Commonwealth v. Brittingham,* 442 Pa. 241, 275 A.2d 83 (1971); *Commonwealth ex rel. Hendrickson v. State Board of Parole,* 409 Pa. 204, 185 A.2d 581 (1962). Additionally, "revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding do not apply to parole revocations." *Morrissey v. Brewer,* 408 U.S. 471, 480 (1972). Therefore, in passing on the constitutionality of the state's classification in this case, we need only to inquire as to its reasonableness. It is too plain for serious argument to the contrary that the difference between the logis-

tics required to provide full Board hearings in county institutions from those necessary to provide hearings by Board examiners fully justifies the classification complained of.

ORDER

AND Now, this 25th day of October, 1983, the order of the Pennsylvania Board of Probation and Parole is affirmed.