510 A.2d 394

Sylvester Andrews, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs March 24, 1986, to Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*Frederick I. Huganir,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, June 3, 1986:

Sylvester Andrews (Petitioner) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) denying him administrative relief from a Board recommitment order. That recommitment order revoked his parole and recommitted him to prison as a technical and convicted parole violator to serve twelve months on backtime. We affirm.

On August 26, 1984, while on parole, Petitioner was arrested for allegedly attempting to purchase various items at a Strawbridge & Clothier department store with a credit card which had been reported stolen by its owner. Petitioner was thereupon confined to the

Philadelphia County Prison where, on September 25, 1984, he requested a full Board hearing. On October 25, 1984, Petitioner pled guilty to charges of criminal conspiracy and forgery. He was sentenced on January 16, 1985 and transferred to the State Correctional Institution at Graterford on January 22, 1985. On April 12, 1985, Petitioner waived his right to a full Board hearing. Petitioner received a hearing on May 16, 1985 at which time his counsel raised objections to the timeliness thereof. The Board overruled defense counsel's timeliness objections and subsequently, on July 29, 1985, ordered Petitioner recommitted for violations of conditions 2, 3A, 3B and special condition 6 of his parole. Petitioner sought administrative relief from the Board which was denied. A timely petition for review to this Court followed.[1]

Petitioner first contends that 37 Pa. Code §71.4(2) (Regulation)[2] violates his due process rights, asserting

---

[1] Our scope of review of a Board parole revocation order is to determine whether necessary findings are supported by substantial evidence, an error of law committed or whether any of the parolee's constitutional rights have been violated. *Anderson v. Pennsylvania Board of Probation and Parole*, 94 Pa. Commonwealth Ct. 369, 503 A.2d 1039 (1986).

[2] The Regulation at 37 Pa. Code §71.4(2) provides in pertinent part:

(2) The hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or *nolo contendere* of the guilty verdict at the highest trial court level except as follows:

(i) If the parolee is confined outside the jurisdiction of the Pennsylvania Bureau of Correction, such as confinement out-of-state, confinement in a Federal correctional institution, or confinement in a county correctional institution where the parolee has not waived the full Board Revocation Hearing . . . the final Revocation Hearing shall be held within 120 days of the official verification of the Board of the return of the parolee to a State correctional

that he has a fundamental right to a hearing within 120 days from the date the Board receives such a request. It is clear that the Petitioner's revocation hearing was held well beyond 120 days from the date of his request. The hearing was held, however, within 120 days of his transfer from the Philadelphia County Prison to the State Correctional Institution at Graterford. The Board contends, of course, that it has complied with the Regulation and that the Regulation affords Petitioner all of the process that is due him.

Petitioner concedes that this Court previously has held in *Blair v. Pennsylvania Board of Probation and Parole*, 78 Pa. Commonwealth Ct. 41, 467 A.2d 71 (1983), *cert. denied*, 466 U.S. 977 (1984), that parole is not a matter of fundamental right but contends that our decision is in error and that a higher standard of review than reasonableness must apply in parole revocation cases. We cannot agree. This is not to say that prisoners and parolees are not entitled to the constitutional rights recited in Petitioner's brief; we affirm only that the right to parole itself is not a fundamental right.

In *Morrissey v. Brewer*, 408 U.S. 471 (1972), the U. S. Supreme Court articulated the minimum requirements of process due parolees with regard to parole revocation hearings. Those requirements are: (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and

---

facility. The parolee, who is confined in a county correctional institution and who waived the final Revocation Hearing by a quorum of the Board . . . shall be deemed to be within the jurisdiction of the Pennsylvania Bureau of Corrections beginning with the date of his waiver of such Board hearing.

documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a neutral and detached hearing body such as a traditional parole board; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. In addition, that Court held that the revocation hearing must be tendered within a reasonable time after the parolee is taken into custody and that a lapse of two months was not unreasonable. It must be observed, however, that in *Morrissey* the sole basis for the revocation proceeding was the violation of parole conditions—the prisoner had not been arrested for the commission of a new crime and was not taken into custody by other law enforcement officers nor was he detained in a county prison awaiting the disposition of criminal charges.

It is for us, then, to determine whether the Regulation does afford the Petitioner a hearing within a reasonable time under the specific circumstances here presented thus satisfying the due process requirement.

As noted in our decision in *Blair*, it is logistically impossible to convene a full Board for a hearing in a county prison. When the parolee is a county prisoner, moreover, there is no way that the Board's jurisdiction can attach for the sole purpose of having the parolee appear at some place outside of the county prison for a full Board hearing. We believe, therefore, that the provisions in the Regulation stating that the 120-day period does not commence until the prisoner has been released by the county authorities into the custody of state authorities and that fact has been verified by the Board, does not violate any of the Petitioner's constitutional rights.

While 120 days is in excess of the 60 days found to be not *unreasonable* in *Morrissey*, it is in strict and lit-

eral compliance with the provisions of the unpublished order of Judge HIGGINBOTHAM which accompanied his opinion in *United States ex rel. Burgess v. Lindsey,* 395 F. Supp. 404 (E.D. Pa. 1975). Reasonableness involves a balancing of the interests of the prisoner with the physical capacity of the Board to act on parole revocation matters. In view of the Board's work-load and the requirements it now must meet in the conduct of a formal hearing, we cannot say that 120 days from his return to a state institution is an unreasonable period of time for the Board to hold a hearing. We conclude that the provisions of the Regulation do not contravene the Petitioner's due process rights.

Petitioner's challenge that the Regulation constitutes a denial of equal protection has been fully addressed and disposed of contrary to Petitioner's contentions in *Blair.*

There remains for our disposition Petitioner's contention that the Regulation is invalid because it is unconstitutionally vague. As we understand Petitioner's argument, it is that the Board somehow has discretion to determine when the 120 days commences. That is simply not the case. The Regulation plainly states that the 120 days *shall* commence when the Board receives official verification of the parolee's conviction except when the parolee is confined in an institution outside of the Board's jurisdiction in which event the hearing *shall* be held within 120 days of verification that the parolee has been returned to a state correctional institution. It is clear to us that the 120 day period is triggered by events over which the Board has no control, much less, discretion.

Having found that the Petitioner was given a revocation hearing within the time constraints of the Regulation and that the Regulation withstands the Petitioner's constitutional challenges, and no other issue having

been raised, we must affirm the Board's order denying administrative relief.

ORDER

The order of the Pennsylvania Board of Probation and Parole, dated September 25, 1985, is affirmed.