529 A.2d 1212

Steven Hudson, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs June 12, 1987, to Judges MAC-PHAIL and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Allen P. Powanda,* First Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, August 20, 1987:

Steven Hudson (Petitioner) has appealed from a denial of administrative relief by the Pennsylvania Board of Probation and Parole (Board). Petitioner challenges the timeliness of his violation and revocation hearing and contends that an excessive amount of backtime was imposed in his case. We affirm.

Since the chronology of events in this case is quite lengthy, we will attempt to limit our discussion to those dates which are essential to our analysis. While on parole from a sentence of seven to fifteen years for a conviction of five counts of robbery,[1] Petitioner was arrested on October 9, 1983 and placed in Chester County Prison following his failure to post bail. The Board subsequently filed a parole violation warrant against him alleging several violations of Petitioner's general conditions of parole. Following a preliminary hearing on October 24, 1983, Petitioner waived his right to a full Board hearing and requested a continuance of his violation and/or revocation hearings "pending disposition of the criminal charges and sentencing, if convicted." Certified Record at 124. On December 5, 1983, Petitioner pled guilty to theft by deception[2] and was sentenced by the Chester County Court of Common Pleas.

---

[1] 18 Pa. C. S. §3701.

[2] 18 Pa. C. S. §3922.

On December 9, 1983, Petitioner was arrested while in Chester County Prison by the Philadelphia Police Department on charges related to an incident which had occurred in early 1983. Following this arrest, Petitioner signed a second request, on January 4, 1984, for "a continuance of the parole revocation and violation hearing pending the outcome of other charges in Philadelphia." Certified Record at 123. Petitioner was later convicted of two counts of forgery[3] in Philadelphia County on July 16, 1984. Sentencing on those convictions was deferred until November 27, 1984. A violation and revocation hearing was ultimately held on February 14, 1985.[4]

The first issue raised by Petitioner is whether the February 14, 1985 hearing was timely. Petitioner contends that the duration of his first requested continuance of October 24, 1983 should have ended on December 5, 1983 when he was convicted and sentenced in Chester County, thus commencing the 120-day time limit for his Board hearing. Since the hearing was not held until February 14, 1985, Petitioner contends that the hearing was untimely as to the Chester County convictions and the technical violations.

We cannot agree with Petitioner's argument since we think that Petitioner's *second* request for a continuance made on January 4, 1984 had the effect of again continuing the violation and revocation hearing, this time pending disposition of the newly filed charges in Philadelphia. Petitioner's January 4, 1984 request was that the "revocation and violation hearing" be continued pending "the outcome of other charges in Philadelphia."

---

[3] 18 Pa. C. S. §4101.

[4] The hearing was originally scheduled for December 18, 1984 in Philadelphia County Prison. The hearing was rescheduled twice: once, due to Petitioner's transfer to SCI-Graterford and a second time due to Petitioner's request for another continuance.

We observe that the Philadelphia arrest gave rise to no new technical violation charges by the Board. Thus, Petitioner's request for a continuance of the technical violations aspect of the case could only relate to the charges originally lodged by the Board in October of 1983. Moreover, since a Board revocation hearing on the Philadelphia charges could not take place until a conviction on those charges occurred, *see* 37 Pa. Code §71.4(2), Petitioner's request for a continuance of the revocation hearing could only relate to the existing Chester County convictions. Thus, we conclude that the Board was justified in interpreting Petitioner's January 4, 1984 request as one for a continuance of the hearings on his alleged technical violations as well as the Chester County convictions.

Petitioner argues in the alternative, however, that even if the January 4 request resulted in the continuance of the entire matter pending resolution of the Philadelphia charges, the ultimate hearing was nevertheless untimely. Petitioner contends in this regard that the Philadelphia charges were resolved on July 16, 1984 when he was convicted and that his hearing should have been held within 120 days of that date. Petitioner argues that the Board erred in waiting until after he was *sentenced* on the Philadelphia convictions on November 27, 1984 to schedule his hearings. Again, we must disagree.

Pertinent Board regulations provide as follows regarding revocation hearings:

> The hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or *nolo contendere* of the guilty verdict at the highest trial court level except as follows:
>
> . . . .

> (ii) If the parolee requests a continuance of a revocation hearing which is granted by the Board, the Board will make reasonable efforts to reschedule the revocation hearing at the earliest opportunity *consistent with the request of the parolee for a continuance.*

37 Pa. Code §71.4(2)(ii) (emphasis added). Thus, commencement of the 120-day period is normally triggered by official verification of a conviction, rather than sentencing on that conviction. *Ganter v. Pennsylvania Board of Probation and Parole,* 45 Pa. Commonwealth Ct. 367, 405 A.2d 989 (1979). Where a continuance is involved, however, 37 Pa. Code §71.4(2)(ii) directs that the hearing must be scheduled in a manner "consistent with the request of the parolee." We must, accordingly, interpret Petitioner's January 4, 1984 request which was for a continuance "pending *the outcome*" of the Philadelphia charges. (Emphasis added.) Recognizing the lack of precision in the term "outcome," we think the Board's interpretation of this request to include sentencing on the Philadelphia convictions was a reasonable one. In so doing, we note particularly that Petitioner has alleged no prejudice from any scheduling delay, and we have found no indication of prejudice from our review of the record. *See Blair v. Pennsylvania Board of Probation and Parole,* 47 Pa. Commonwealth Ct. 636, 408 A.2d 907 (1979), *cert. denied,* 466 U.S. 977 (1984). We, accordingly, conclude that the February 14, 1985 hearing was timely.

Petitioner's next contention is that the 48 months of backtime ordered by the Board for Petitioner's criminal convictions is excessive because it is based, in part, on additional convictions of Petitioner in federal court which arose from the same incident as that involved in the Chester County convictions. It is difficult to discern from the record before us whether Petitioner's charac-

terization of the federal convictions as stemming from the same incident is correct.[5] Accepting the characterization as accurate, however, we have previously recognized that "the Board may impose separate recommitment terms for each conviction while on parole although the separate convictions involved arise out of the same criminal event." *Perry v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 548, 551, 485 A.2d 1231, 1232 (1984) (footnote omitted). Though *Perry* did not involve separate federal and state convictions, we think the reasoning is equally applicable here.

Petitioner's final argument is that the Board exceeded the presumptive range for credit card fraud when it imposed twelve months of backtime for Petitioner's federal conviction on that charge. This issue was not raised in Petitioner's request for administrative relief and has, therefore, been waived. Pa. R.A.P. 1551(a). We observe, however, that even if the presumptive range was exceeded, we believe such action is adequately supported by the Board's reference to Petitioner's "emerging pattern of fraudulent offenses" as an additional basis for its imposition of backtime. Certified Record at 16.

Order affirmed.

## ORDER

The order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby affirmed.

---

[5] On January 17, 1986, Petitioner pled guilty in United States District Court for the Eastern District of Pennsylvania to "conspiracy to obtain from Banks and Retail Stores money by means of false and fraudulent pretenses; in violation of Title 18 U.S.C. §371 as charged in Count One. Credit Card Fraud and aiding and abetting; in violation of Title 15 U.S.C. §1644(a) and Title 18 U.S.C. §2 as charged in Count 20." Certified Record at 110.