596 A.2d 264

**Darryl V. LEE, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 25, 1991.

Decided July 1, 1991.

Publication Ordered
Aug. 16, 1991.

John D. Ceraso, Asst. Public Defender, for petitioner.
Arthur R. Thomas, Asst. Chief Counsel, for respondent.

Before DOYLE and BYER, JJ., and BARRY, Senior Judge.

DOYLE, Judge.

Darryl V. Lee appeals an order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief of a parole revocation decision.

On September 26, 1986, Lee was paroled from a sentence of one to eight years for robbery, theft, receiving stolen property, and criminal conspiracy. On November 27, 1987, the Board declared Lee delinquent as of August 27, 1987. On May 23, 1989, Lee was arrested for violations of The Controlled Substance, Drug, Device and Cosmetic Act.[1] On the same day, the Board lodged a warrant to commit and detain.[2]

---

1. Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §§ 780–101—780–144.

2. On July 21, 1989, Lee had a violation hearing for unrelated technical violations of his parole. On September 5, 1989, Lee was recommitted

On January 12, 1990, Lee pled guilty to one count of delivery of a controlled substance, three counts of possession of a controlled substance, and one count of possession of drug paraphernalia, and on the same day, he was immediately sentenced to one to three years in prison. On July 17, 1990, the Board conducted a revocation hearing to determine whether to recommit Lee as a convicted parole violator. At the revocation hearing, Lee objected to the hearing on the ground that it was untimely. The hearing examiner overruled the objection after determining that the hearing was timely because it was held within 120 days of the Board's receipt of official verification of Lee's guilty plea. On September 24, 1990, the Board mailed Lee a decision recommitting him as a convicted parole violator for ten months. Lee filed a timely request for administrative relief with the Board which was denied. This appeal followed.

Lee contends that the Board failed to provide him with a revocation hearing within a reasonable time as required by the Due Process Clause of the United States Constitution.

The Board is required to provide a parolee with a revocation hearing within 120 days of the date on which it receives "official verification" of the plea of guilty or *nolo contendere*, or of a guilty verdict at the highest trial court level. 37 Pa.Code § 71.4(1). "Official verification" is defined as:

Actual receipt by a parolee's supervising parole agent of a direct written communication from a court in which a parolee was convicted of a new criminal charge attesting that the parolee was so convicted.

37 Pa.Code § 61.1. Lee concedes in his brief that official verification was received by the Board on June 25, 1990, and that his revocation hearing was held on July 17, 1990. Therefore, the Board clearly provided Lee with a revocation hearing within 120 days of official verification, as mandated by 37 Pa.Code § 71.4(1). *Tarrant v. Pennsylvania Board of Probation and Parole*, 104 Pa.Commonwealth Ct. 369,

as a technical parole violator and he was ordered to serve 12 months backtime.

521 A.2d 997 (1987), *petition for allowance of appeal denied*, 517 Pa. 596, 535 A.2d 84 (1987).

■■■ Lee argues, however, that his due process rights were violated because the revocation hearing was conducted 186 days from the date of his guilty plea, and because his parole agent was on notice of the pending charges. We disagree. While the right to parole is not a fundamental right, a parolee has a due process right to a revocation hearing within a reasonable time after being taken into custody. *Andrews v. Pennsylvania Board of Probation and Parole*, 97 Pa.Commonwealth Ct. 605, 510 A.2d 394 (1986). Reasonableness requires a balancing of the interests of a parolee with the physical capacity of the Board to act on parole revocation matters. *Id.* First, it is reasonable for the 120–day period mandated by 37 Pa.Code § 71.4(1) to begin to run on the date that the Board receives official verification of a parolee's conviction, because, to hold otherwise, would impose on the Board the Herculean task of searching the dockets of every court of record in the United States on a daily basis to discover when a parolee was convicted. *See Williams v. Pennsylvania Board of Probation and Parole*, 127 Pa.Commonwealth Ct. 344, 561 A.2d 866 (1989), *petition for allowance of appeal denied*, 525 Pa. 592, 575 A.2d 120 (1990). Moreover, considering the logistical problems the Board would face in discovering when a parolee was convicted, it is also reasonable for a parole agent to wait for official verification even if the agent is aware that charges are, or may be, pending. And finally, we hold as a matter of law, that if the parole revocation hearing is held within 120 days after the receipt of the certified charges, that also is reasonable for the purposes of due process. Hence, the timing of Lee's revocation hearing did not offend due process, and accordingly, the order of the Board is affirmed.

## ORDER

NOW, July 1, 1991, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.