Geary TURNER, Petitioner,

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 18, 2000.

Decided April 10, 2000.

Geary Turner, petitioner, pro se.

Susan M. Zeamer, Harrisburg, for respondent.

Before PELLEGRINI, J., FLAHERTY, J., and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

Presently before this Court are the preliminary objections in the nature of a demurrer filed by the Pennsylvania Board of Probation and Parole (Board) in response to a *pro se* petition for review filed by Geary Turner (Petitioner), requesting that the Board be ordered to place him in a pre-release center and act upon his application for parole. For the reasons that follow, we sustain the Board's demurrer.

Petitioner was originally sentenced to a term of eleven and one-half to twenty-five years for the offenses of aggravated assault, two counts of possession of an instrument of crime and intimidation of a victim/witness. Petitioner had an original minimum sentence date of September 13, 1996, and a maximum sentence date of March 13, 2010. On three separate occasions, the Board has interviewed Petitioner regarding parole but has subsequently denied the same. As a result, Petitioner has remained incarcerated at the State Correctional Institution at Frackville.

In July of 1999, Petitioner filed a request with the Board asking to be placed in a pre-release center pursuant to Section 34.1(a)(3) of the Act of August 6, 1941, P.L. 861, *added by* Act of June 1, 1995, P.L. 1020, *as amended,* 61 P.S. § 331.34a(a)(3).[1] The Board failed to act on Petitioner's request. Hence, on October 5, 1999, Petitioner filed a petition for review in this Court's original jurisdiction requesting that the Board be ordered to place him in a pre-release center and act upon his application for parole.[2]

In response to Petitioner's petition, the Board filed preliminary objections in the nature of a demurrer. The Board maintained that it is entitled to a demurrer because the petition for review fails to state a cause of action upon which relief may be granted. More specifically, the Board asserted that it lacked the authority to place Petitioner, or any other inmate, in a pre-release center,[3] that Petitioner had no right to, nor a protected liberty interest in, placement in a pre-release center and that matters such as pre-release and parole are within the exclusive province of the DOC and Board.[4] Petitioner filed a response to the Board's preliminary objections and application for summary relief simply citing to the aforementioned provisions of the Parole Act and alleging that his constitutional rights had been violated.

■ In ruling on preliminary objections in the nature of a demurrer, this Court must accept as true all well-pleaded facts and all inferences reasonably deducible therefrom. *Stone and Edwards Insurance Agency, Inc. v. Department of Insurance,* 151 Pa.Cmwlth. 266, 616 A.2d 1060 (1992). "However, we need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations or expressions of opinion." *Myers v. Ridge,* 712 A.2d 791, 794 (Pa.

1. This Act is commonly referred to as the Parole Act. This particular Section of the Parole Act provides, in pertinent part, as follows:

 In no case shall the board act upon an application of an inmate whose term of imprisonment was commuted from life to life on parole or upon an inmate who was serving a term of imprisonment for a crime of violence ... unless the inmate has served at least one year in a prerelease center. 61 P.S. § 331.34a(a)(3). This Section of the Parole Act later defines aggravated assault, one of the offenses for which Petitioner was incarcerated, as one such "crime of violence." *See* Section 34.1(b)(1) of the Parole Act, 61 P.S. § 331.34a(b)(1).

2. In actuality, Petitioner filed a petition for writ of mandamus with this Court on October 5, 1999, seeking the relief described above. However, by order of this Court dated October 20, 1999, Petitioner's petition for writ was designated as a petition for review addressed to this Court's original jurisdiction.

3. The Board asserts that such authority rests solely with the Department of Corrections (DOC), a party not named in Petitioner's petition for review.

4. At the same time that it filed its preliminary objections, the Board also filed an application for summary relief/application for stay. The Board sought a stay of proceedings until this Court reached a determination on the application for summary relief. By order of this Court dated November 22, 1999, the briefing schedule in this matter was stayed pending disposition of the preliminary objections and application for summary relief. However, by order of this Court dated December 9, 1999, said stay was vacated and the parties were directed to file briefs with respect to these issues. As the issues in the application for summary relief are identical to the issues in the preliminary objections, we will simply address said issues by way of the preliminary objections.

Cmwlth.1998), *petition for allowance of appeal denied*, 560 Pa. 677, 742 A.2d 173 (1999). The question presented by a demurrer is whether, in the facts averred, the law says with certainty that no recovery is possible. *Jackson v. Garland*, 424 Pa.Super. 378, 622 A.2d 969 (1993).

 In the instant case, Petitioner seeks relief in the form of an order in mandamus requiring the Board to place him in a pre-release center. We decline to grant such relief. Mandamus is an extraordinary writ and will only be granted to compel performance of a ministerial duty where the plaintiff establishes a clear legal right to relief and a corresponding duty to act by the defendant. *Wassell v. Pennsylvania Board of Probation and Parole*, 658 A.2d 466 (Pa.Cmwlth.1995). This Court has previously held that we may not compel a board, such as the Board in the instant case, to perform an act or duty (a) that the board has no duty to perform or (b) if the petitioner has no legal right to enforce the performance of that act or duty. *See Logan v. Horn*, 692 A.2d 1157 (Pa.Cmwlth.1997).

 The General Assembly provided for the establishment of pre-release centers and rules and regulations regarding the same in Sections 1 through 4 of the Act of July 16, 1968, P.L. 351, *as amended*, 61 P.S. § 1051 – 1054. However, the General Assembly specifically provided the DOC, not the Board, with the authority to determine which inmates would be transferred to the pre-release centers. *See* Section 3 of the Act of July 16, 1968, 61 P.S. § 1053. Hence, the Board has no authority or duty to perform the act requested by Petitioner in the instant case, i.e., place him in a pre-release center.

Furthermore, we have repeatedly held that the Board has no duty or obligation to parole an offender prior to the expiration of his maximum sentence date and that an inmate has no constitutionally protected liberty interest in the expectation of being released prior to such a date. *See Myers; Reider v. Pennsylvania Board of Probation and Parole*, 100 Pa.Cmwlth. 333, 514 A.2d 967 (1986); *Blair v. Pennsylvania Board of Probation and Parole*, 78 Pa. Cmwlth. 41, 467 A.2d 71 (1983), *cert. denied*, 466 U.S. 977, 104 S.Ct. 2358, 80 L.Ed.2d 830 (1984). Moreover, both this Court and the Pennsylvania Supreme Court have held that the Board has been granted broad discretion in parole matters and what the Board decides and why are simply not matters subject to judicial review. *See Rogers v. Pennsylvania Board of Probation and Parole*, 555 Pa. 285, 724 A.2d 319 (1999); *Myers; Reider*.[5]

Accordingly, the Board's preliminary objections in the nature of a demurrer are sustained and Petitioner's petition for review is dismissed.

### *O R D E R*

AND NOW, this 10[th]day of April, 2000, upon consideration of the preliminary objections filed by the Pennsylvania Board of Probation and Parole (Board), said preliminary objections are granted and the petition for review filed by Geary Turner is dismissed. Further, the Board's application for summary relief is dismissed as moot.

---

5. As indicated above, Petitioner in the instant case has had three unsuccessful attempts at parole since the expiration of his minimum sentence date in September of 1996. We note that in each of the Board's decisions denying parole, the Board has never indicated that Petitioner's failure to serve at least one year in a pre-release center was a factor in their ultimate refusals. Instead, the Board indicated that its determinations were based upon such factors as Petitioner's poor prison adjustment, his drug use in prison and his refusal/failure to participate in evaluations and/or counseling and treatment programs while confined.