IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kadir Mehadi,                         :
                                      : No. 239 C.D. 2016
                    Petitioner        : Submitted: September 2, 2016
                                      :
              v.                      :
                                      :
Kimberly A. Barkley, Secretary        :
Pennsylvania Board of Probation       :
and Parole,                           :
                                      :
                    Respondent        :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  February 24, 2017


           Kadir Mehadi petitions for review of the January 13, 2016 order of the
Pennsylvania Board of Probation and Parole (Board) denying his request for
administrative relief and affirming the Board's parole revocation decision of
September 1, 2015.  We affirm.

           Mehadi was initially sentenced to an aggregate term of 3-10 years.
Certified Record (C.R.) at 1-3.  The original minimum release date for his sentence
was November 3, 2010, and the original maximum release date was November 2,
2017.  *Id*.  Mehadi was released on parole on September 6, 2011 with 2250 days
remaining on his sentence.  *Id.* at 10.

On August 9, 2013, while on parole, Mehadi was arrested on new charges and taken to the Berks County Prison. C.R. at 15. The Board lodged a warrant to commit and detain Mehadi on August 10, 2013. *Id.* at 46. Mehadi was again arrested for new charges while he remained in the Berks County Prison on October 8, 2013, December 3, 2013, and September 22, 2014. *Id.* at 26, 57, 66. Mehadi did not post bail for any of his new cases and remained in the Berks County Prison for all his pending charges.

The charges from August 9, 2013 were *nolle prossed*. C.R. at 32. On April 16, 2015, Mehadi pled guilty to the remaining new charges. *Id.* at 83. The court sentenced Mehadi to a new aggregate term of 3-10 years in a state correctional institution. *Id.* at 116. At that point, Mehadi had been in prison for 614 days. The sentencing order reflected a stipulation in that Mehadi would receive credit for this time.

The Board received official verification of the convictions on May 12, 2015. C.R. at 92. On July 21, 2015, the Board provided Mehadi with notice of charges and its intention to hold a revocation hearing as a result. *Id*. at 89. That same day, Mehadi signed a waiver of revocation hearing and counsel/admission form. *Id*. at 90. Through this form, Mehadi waived his rights to a panel hearing and to have counsel at that hearing and admitted that he had committed the new criminal offenses for which he had been convicted. *Id.* at 91.

Based on a hearing examiner's report,[1] the Board voted to recommit Mehadi as a convicted parole violator (CPV) to serve 48 months backtime, when

---

[1] Section 71.4(4) of the Board's regulations requires that a "revocation hearing shall be held by a panel or, *when the parolee has waived the right to a hearing by a panel, by an examiner*." 37 Pa. Code §71.4(4) (emphasis added). Section 71.4(7) of the regulations provides **(Footnote continued on next page…)**

available. [2]  C.R. 92-99.  By order dated September 8, 2015, the Board recalculated Mehadi's original sentence maximum date from November 3, 2017 to August 31, 2021, reflecting the 2250 days owed on his original sentence and crediting the 59 days he was held solely on the Board's detainer, [3] and recalculated his minimum parole date for his original sentence on July 4, 2019.  *Id.* at 100-03.

Mehadi filed a request for administrative relief of the Board's revocation decision, arguing that he was not given a timely parole revocation

---

**(continued…)**

that "if the hearing is conducted by an examiner, the examiner shall file a report with the other panel member for decision." 37 Pa. Code §71.4(7).

[2] "If the Board orders the recommitment of a parolee as a convicted parole violator, the parolee shall be recommitted to serve an additional part of the term which the parolee would have been compelled to serve had he not been paroled" in accordance with presumptive ranges outlined based on offense category.  37 Pa. Code §75.2.  As this Court explained:

> "[B]acktime" is merely that part of an *existing* judicially-imposed sentence which the Board directs a parolee to complete following a finding after a *civil* administrative hearing that the parolee violated the terms and conditions of parole, which time must be served before the parolee may again be eligible to be considered for a grant of parole.

*Krantz v. Pennsylvania Board of Probation and Parole,* 483 A.2d 1044, 1047 (Pa. Cmwlth. 1984) (emphasis in original).

[3] Mehadi received 59 days credit for the period he was incarcerated from August 10, 2013 to October 8, 2013 because the August 9, 2013 charges were *nolle prossed*.  "[W]here an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence."  *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 309 (Pa. 2003).  "Undoubtedly, equity dictates that a parolee who fails to post bond should have his parole sentence credited when the subsequent charges brought against him are dropped, as in the case of a nolle pros . . . ."  *Davidson v. Pennsylvania Board of Probation and Parole*, 667 A.2d 1206, 1208-09 (Pa. Cmwlth. 1995).

3

hearing, the Board imposed an excessive recommitment term, and the Board erred in calculating his maximum parole date. C.R. at 105-08. In a decision mailed January 13, 2016, the Board denied his appeal. Mehadi then filed a petition seeking this Court's review.

On appeal,[4] Mehadi first argues that his due process rights were violated because the Board failed to provide a timely revocation hearing. Mehadi contends that under the Board's regulations, the revocation hearing should have been held within 120 days of the date the Board could have obtained official verification of the guilty plea.[5] However, when Mehadi waived his right to a revocation hearing, that served as a waiver for any claim regarding timeliness. *Fisher v. Pennsylvania Board of Probation and Parole,* 62 A.3d 1073 (Pa. Cmwlth. 2013).

Moreover, Mehadi's claim is without merit. Mehadi asserts that the 120 days should begin to run on April 16, 2015, the date he pled guilty. He relies on *Fitzhugh v. Pennsylvania Board of Probation and Parole*, 623 A.2d 376 (Pa. Cmwlth. 1993), wherein the delay between the petitioner's conviction and his revocation hearing arose "from the Board's allegedly choosing a time of its pleasing to physically retrieve records and essentially deciding when to 'receive'…

---

[4] Our scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *McNally v. Pennsylvania Board of Probation and Parole*, 940 A.2d 1289, 1292 (Pa. Cmwlth. 2008).

[5] Section 71.4(1) of the Board's regulations requires that a revocation hearing be held "within 120 days from the date the Board received official verification of the plea of guilty." 37 Pa. Code §71.4(1). "Official verification" is defined as "[a]ctual receipt by a parolee's supervising parole agent of a direct written communication from a court in which a parolee was convicted of a new criminal charge attesting that the parolee was so convicted." 37 Pa. Code §61.1.

4

official verification from the trial court" rather than waiting on communication from the court. Unlike in *Fitzhugh*, there is no evidence in the record here to indicate utilization of a similar system for official verification or purposeful delay on the part of the Board. Further, in *Lee v. Pennsylvania Board of Probation and Parole*, 596 A.2d 264, 265 (Pa. Cmwlth. 1991), this Court held that the Board is not required to search every U.S. court's docket to determine whether a parolee was convicted and may wait for official verification even if an agent is aware of the conviction.

The Board has the burden of proving any delay was not unreasonable or unjustifiable. *Lawson v. Pennsylvania Board of Probation and Parole*, 977 A.2d 85, 87-88 (Pa. Cmwlth. 2009). The Board meets its burden so long as the revocation hearing was held within 120 days of the Board's receipt of official verification.[6] *Id.* The Board did not receive "official verification" until May 12, 2015. The hearing was held on August 5, 2015, only 85 days after the Board received the official verification, the Board voted on September 1, 2015, 112 days after receipt, and the decision was recorded on September 8, 2015, 119 days after receipt. C.R. at 92, 99. Mehadi's due process rights were not violated as the Board's hearing was timely.

Mehadi next argues that the Board improperly modified his judicially-imposed maximum sentence by changing the maximum date of the original sentence.

---

[6] We also note that no revocation hearing is required until a parolee has completed or been paroled from incarceration for a subsequent crime that constituted a parole violation because the parolee has suffered no loss of liberty interest. *Williams v. Pennsylvania Board of Probation and Parole,* 751 A.2d 703, 707 (Pa. Cmwlth. 2000).

5

Section 6138(a)(1) of the Prisons and Parole Code (Parole Code) provides that any parolee who, during the period of parole, commits a crime punishable by imprisonment and is convicted or found guilty of that crime may be recommitted as a CPV. 61 Pa. C.S. §6138(a)(1). A parolee recommitted as a CPV must serve the remainder of the term that he would have been compelled to serve had parole not been granted, with no credit for the time at liberty on parole, unless the Board exercises its discretion to award credit. Section 6138(a)(2), (2.1) of the Parole Code, 61 Pa. C.S. §6138(a)(2), (2.1).

Our Supreme Court has held that the Board's authority to recalculate the sentence of a CPV "is not an encroachment upon the judicial sentencing power." *Young v. Commonwealth of Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 848 (Pa. 1979). The Supreme Court explained:

> To contend that an enhancement of the sentence is created because parole is another form of custody, ignores the fact that the denial of credit is based upon appellant's failure to comply with the restraints during the parole period. Certainly, if there is compliance with the terms of parole, appellant's time spent in that status satisfies the prison commitment. It is only where he has ignored the restraints, which appellant argues must be considered as a form of custody, that he can be recommitted without regard to the time spent in the parole status.

*Id.* The court clarified that the Board had not unlawfully extended the term of the parolee's maximum sentence but had merely withdrawn credit for the time he was at liberty on parole. *Id.* at 846 n.5.

In the alternative, Mehadi suggests that this Court adopt a new test for parolee compliance that limits the Board's discretion to deny credit for time at liberty on parole to only when a parolee has absconded from supervision. As

6

stated in *Young*, this discounts the fact that credit is denied because the parolee failed to comply with parole restraints, shirking supervision as surely as if he had absconded. Furthermore, under Section 6138(a)(2.1) of the Parole Code, the General Assembly granted the Board exclusive discretion to grant a CPV credit for time at liberty on parole. We decline to review the Board's exercise of that discretion where, as here, the parolee has not demonstrated an abuse of that discretion. *See, e.g., Pittman v. Pennsylvania Board of Probation and Parole,* 131 A.3d 604, 611 (Pa. Cmwlth.), *appeal granted*, 137 A.3d 572 (Pa. 2016). ("Based upon its plain language, there are no statutory standards in section 6138(a)(2.1) of the Parole Code that define or curtail how, when, or in what manner discretion should be exercised. It is well-settled that this Court cannot supply such guideposts as a matter of judicial construction.") (citation omitted).

For the foregoing reasons, we affirm.

_____

MICHAEL H. WOJCIK, Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kadir Mehadi,            :
                                : No. 239 C.D. 2016
                  Petitioner      :
                                :
           v.               :
                                :
Kimberly A. Barkley, Secretary    :
Pennsylvania Board of Probation    :
and Parole,                       :
                                :
                Respondent    :

## O R D E R

AND NOW, this 24th day of February, 2017, the order of the Pennsylvania Board of Probation and Parole dated January 13, 2016, at No. 114FA is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge