Samuel Franklin, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges CRAIG, PALLADINO and BARBIERI, sitting as a panel of three.

*Timothy P. Wile,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE PALLADINO, June 19, 1984:

Samuel Franklin (Petitioner) has appealed from a decision of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief and affirming its prior decision to rescind Petitioner's parole. Petitioner has filed a motion for summary relief asserting that there is no genuine issue of fact and that judgment should be entered in his favor.

On February 24, 1979, Petitioner was sentenced to a term of five to twenty years for robbery. The effective date of Petitioner's sentence was July 2, 1978, at which time he was incarcerated at the State Correctional Institution at Graterford (Institution). By Board action dated May 10, 1983, Petitioner was granted parole subject to an approved plan,[1] effective July 2, 1983. An approved plan was not received by the Board until August 13, 1983 at which time Petitioner was still incarcerated. At about the same time,

---

[1] The Board's order provides:

[a] Parole 7-2-83 to an approved plan.

[b] Intensive supervision. (sic)

[c] Out-patient program—drug, alcoholism therapy, psychological/psychiatric, and urinalysis—to be included in plan.

[d] Must not consume alcohol.

the Board received two reports from a psychiatrist and another member of the staff at the Institution stating that Petitioner could be "dangerous to others", and requesting that Petitioner undergo further evaluation before being released from the Institution. Based on these reports, the Board on September 13, 1983 ordered that Petitioner be listed for "further interview". The Board interviewed Petitioner and on October 11, 1983 issued an order rescinding its parole order of May 10, 1983 pending receipt of an updated psychiatric evaluation and recommendation from the Institution.

On October 19, 1983, Petitioner, represented by counsel, filed a petition requesting that the Board overturn its order rescinding his parole because he was not provided the minimum due process guarantees outlined in *Morrissey v. Brewer*, 408 U.S. 471 (1972). On October 27, 1982, the Board denied Petitioner's request.

In *Morrissey*, the Supreme Court stated these minimal requirements of due process for parole revocation:

> (a) [W]ritten notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by factfinders as to the evidence relied on and reasons for revoking parole.

*Id.* at 489. In *Commonwealth ex rel. Rambeau v. Rundle*, 455 Pa. 8, 314 A.2d 842 (1973), our Supreme

Court relied on *Morrissey* in holding that constitutional due process requires that both convicted and technical parole violators be entitled to certain procedural guarantees, such as a hearing, before parole may be *revoked.*[2]

Because Petitioner was never released from the Institution prior to the Board's action rescinding his parole and thus had not reached the status of a parolee, it is our view that he does not acquire the procedural guarantees established in *Morrissey* and *Rundle.*[3] *See Jones v. Pennsylvania Board of Probation and Parole,* Pa. Commonwealth Ct. , 473 A.2d 247 (1984). Thus, Petitioner was not denied due process.

---

[2] Section 21.1 of the Parole Act (Act), Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. 331.21a defines convicted parole violators, in relevant part, as follows:

    (a) Convicted Violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole *released from any penal institution of the Commonwealth* who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board, be recommitted as a parole violator. (Emphasis added.)

Section 21.1 of the Act, 61 P.S. 331.21a also defines technical parole violators, in relevant part, as follows:

    (b) Technical Violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole *released from any penal institution in the Commonwealth* who, during the period of parole, violates the terms and conditions of his parole, other than by the commission of a new crime of which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere in a court of record, may be recommitted after hearing before the board. (Emphasis added.)

[3] In *Jago v. Van Curen,* 454 U.S. 14 (1981), the Supreme Court held that a parole board need not provide an inmate with the procedural due process rights of a hearing and counsel prior to rescinding a parole order when the inmate had not been released from prison.

Accordingly, Petitioner's motion for summary relief is denied and the order of the Board is affirmed.

ORDER

AND Now, June 19, 1984, Petitioner's motion for summary relief is denied and the order of the Board is affirmed.