Ricky Counts, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs December 14, 1984, to Judges ROGERS and WILLIAMS, JR., and Senior Judge KALISH, sitting as a panel of three.

*Lewis J. Bott,* Assistant Public Defender, for petitioner.

*Robert A. Greevy,* Chief Counsel, with him, *Arthur R. Thomas,* Assistant Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., January 30, 1985:

This is an appeal by Ricky Counts (Counts) who petitions for review of an Order of the Pennsylvania Board of Probation and Parole (Board) which denies his application for parole.[1]  We affirm.

---

[1] By a per curiam order dated June 1, 1984, we appointed the Public Defender of Luzerne County to represent Counts in this appeal under the mandate of *Bronson v. Pennsylvania Board of Probation and Parole,* 491 Pa. 549, 421 A.2d 1021 (1980) and *Passaro v. Pennsylvania Board of Probation and Parole,* 56 Pa. Commonwealth Ct. 32, 424 A.2d 561 (1981).  Upon closer examination of Counts' petition for review, we note that he appeals from a Board order *denying* him parole as opposed to a Board order *revoking* his parole.  In that prisoners do not have a right to counsel to assist them in applying for parole, there is no right to the assistance of counsel in appealing a Board order denying parole.  *Cf. Jago v. Van Curen,* 454 U.S. 14 (1981) (due process requirements of *Morrissey v. Brewer,* 408 U.S. 471 [1972] do not apply to prisoners who have not been released from prison on parole).  Therefore, the mandates of *Bronson* and *Passaro* are not applicable to this case.

Counts was originally sentenced in 1976 to a term of three to seven years by the Court of Common Pleas of Dauphin County following his conviction for the offense of Robbery.[2] This sentence had an initial maximum term expiration date of July 4, 1983. Counts was granted parole on this sentence effective March 20, 1980 which allowed him to begin serving a detainer sentence.[3] The Board granted Counts parole on the detainer sentence effective September 20, 1980 at which time he was released from confinement.

---

Belatedly, we recognize that our June 1, 1984 order appointing counsel for Counts was entered in error as it is now clear that his appeal is outside the scope of either *Bronson* or *Passaro*.

[2] 18 Pa. C. S. §3701.

[3] Our research has failed to locate any legal definition of "detainer sentence." The term is apparently one which has been coined by the Board but never properly defined, either by statute or regulation. We strongly disapprove of this practice whereby the Board coins its own terms of art without properly defining them and using those terms in its official orders and pronouncements. As a result, persons outside the agency are required to speculate, often at their peril, as to the actual meaning and effect of Board decisions and pronouncements. Such a practice does a great disservice to the judiciary, the litigants, and the public who are not privy to the peculiar phraseology of the Board. It is not a proper function of the judiciary to provide legal definitions for terms of art coined by administrative agencies. However, as far as we are able to discern, a "detainer sentence," as used by the Board, is a sentence, separate and distinct from that sentence which the parolee is presently serving, which is noted on the parolee's institutional records to ensure that, after the parolee has completed his present term, he will be available to the authority which imposed the separate sentence for service of that sentence rather than being released from confinement. In this case, Counts had a detainer sentence of six months to two years which was imposed by the Court of Common Pleas of Centre County as a result of Counts' conviction for the offense of Criminal Attempt, Escape (18 Pa. C. S. §901). It is this Centre County sentence that Counts began serving upon being granted parole by the Board on the Dauphin County Robbery sentence.

A short time after his release from prison, Counts was arrested by Dauphin County authorities and charged with Prostitution.[4] Following his conviction on that charge, the Board revoked Counts' parole and recommitted him to prison as a convicted parole violator to serve nine months back time. Counts was again granted parole on the Robbery sentence effective June 11, 1982 at which time he was released from custody. On July 23, 1982, Counts was arrested by Harrisburg Police and charged with Prostitution. He was convicted of that charge in Dauphin County Common Pleas Court on October 21, 1982 and sentenced to a term of four to twelve months. The Board afforded Counts a Revocation Hearing at Dauphin County Prison after which it again revoked his parole and ordered him recommitted as a convicted parole violator to serve nine months back time. The Board set a tentative reparole date of August 8, 1983 and extended the maximum term expiration date of Counts' Robbery sentence to February 5, 1985.[5]

On August 5, 1983, Counts was interviewed by a member of the Board for possible parole. Prior to that interview, Counts had been charged with the offense of Assault by Prisoner[6] and had received a prison misconduct. As a result of that behavior and Counts' poor institutional record, the Board set back Counts' tentative reparole date to April 4, 1984. Between October 20, 1983 and January 31, 1984, Counts received an additional five institutional misconducts.

---

[4] 18 Pa. C. S. §5902.

[5] Section 21.1(a) of the Act of August 6, 1941 (Parole Act), P.L. 861, as amended, 61 P.S. §331.21a(a), mandates that where a parolee is returned to prison as a convicted parole violator, the parolee receives no credit on his original sentence for time spent "at liberty" on parole.

[6] 18 Pa. C. S. §2703.

On March 8, 1984, Counts was interviewed for possible parole by Board member William Forbes. As a result of that interview, on April 23, 1984 the Board recorded an Order rescinding Counts' tentative re-parole date of April 4, 1984 and denied him parole on the Dauphin County Robbery sentence.[7] Counts sought administrative relief from the Board regarding its denial of his parole application. The Board informed Counts that its administrative relief regulation, 37 Pa. Code §71.5(h), applies only to the Board's *revocation* orders and denied him relief. Counts then filed a timely petition for review with this Court.

In this appeal, Counts contends that the procedure employed by the Board to deny his application for parole violates his right to due process of law guaranteed by the Fourteenth Amendment. Specifically, Counts contends that he was entitled to an adversary-type hearing complying with the requirements of *Morrissey v. Brewer*, 408 U.S. 471 (1972), before the Board could deny him parole. Next, he argues that due process requires that he be permitted to examine his record with the institution and with the Board prior to his parole hearing so that he may inspect and

---

[7] The pertinent part of the Board's order of April 23, 1984 reads as follows:

As recorded on 04-23-84 the Board of Probation and Parole rendered the following decision in your case:

Rescind reparoling action of 9-9-83 in view of recent misconducts.

Poor Institutional adjustment and need for further counseling.

Unfavorable recommendation from Bureau of Correction.

Poor risk for reparole.

Board feels you should serve your unexpired term. Max.: 2-5-85

be prepared to challenge any unfavorable information which may be considered by the Board. We will address these issues in that order.

We initially take due notice of the fact that the order from which Counts seeks relief is a Board action denying a prisoner's application for parole, not an order revoking an existing parole. It is now well-settled that under Pennsylvania law, a prisoner has no constitutionally-protected liberty interest in the expectation of being released from confinement on parole prior to the expiration of his sentence's maximum term. *Commonwealth v. Brittingham,* 442 Pa. 241, 275 A.2d 83 (1971); *Blair v. Pennsylvania Board of Probation and Parole,* 78 Pa. Commonwealth Ct. 41, 467 A.2d 71 (1983), *cert. denied,* U.S. , 104 S.Ct. 2358 (1984); *cf. Jago v. Van Curen,* 454 U.S. 14 (1981) (question of whether a prisoner has a liberty interest in the expectation of parole is dependent upon state law). It is also well-settled that the General Assembly has granted the Board broad discretion in parole matters. *Commonwealth v. Vladyka,* 425 Pa. 603, 229 A.2d 920 (1967); *Bradshaw v. Pennsylvania Board of Probation and Parole,* 75 Pa. Commonwealth Ct. 90, 461 A.2d 342 (1983); *Barlip v. Pennsylvania Board of Probation and Parole,* 45 Pa. Commonwealth Ct. 458, 405 A.2d 1338 (1979). In recognition of the broad grant of discretion which the Board enjoys in parole matters and that the parole release decision is a highly subjective one, our scope of review of a Board order denying a parole application is limited to a determination of whether the Board failed to exercise any discretion at all, whether the Board arbitrarily and capriciously abused its discretion so as to amount to a violation of a constitutional right, and whether or not the procedure utilized by the Board violated any

constitutional rights of the prisoner. *See generally Kastner v. Pennsylvania Board of Probation and Parole,* 78 Pa. Commonwealth Ct. 157, 467 A.2d 89 (1983); *Banks v. Pennsylvania Board of Probation and Parole,* 4 Pa. Commonwealth Ct. 197 (1971). Despite having once been granted parole. on this sentence by the Board, Counts stands in no better position than any other prisoner in applying for parole before the Board. The Board's recommitment order revoking his parole and mandating that he serve back time stripped him of his status as a parolee whereby he lost his constitutionally-protected liberty interest. The tentative reparole date set by the Board is the administrative equivalent of a recomputed minimum term and only sets a new parole eligibility date, it does not vest any right to a grant of parole upon reaching that date. *Krantz v. Pennsylvania Board of Probation and Parole,* 86 Pa. Commonwealth Ct. 38, 483 A.2d 1044 (1984).

A review of the decisions of this Court and of the United States Supreme Court since 1981 convinces us that Counts' claim of entitlement of an adversary *Morrissey* hearing on his parole application is without merit to the point of being frivolous. It is now well-settled that prisoner does not have a right to a *Morrissey* due process hearing prior to having his parole application denied or having an unexecuted parole rescinded. *Jago v. Van Curen; Franklin v. Pennsylvania Board of Probation and Parole,* 83 Pa. Commonwealth Ct. 318, 476 A.2d 1026 (1984); *Jones v. Pennsylvania Board of Probation and Parole,* 81 Pa. Commonwealth Ct. 194, 473 A.2d 247 (1984). The parole interview afforded Counts by the Board is sufficient to satisfy due process.

Counts' second constitutional challenge to the Board's denial of his parole application is based upon

his inability to review his file with the institution and with the Board prior to his March 8, 1984 parole interview. Counts desired to inspect his file so that he could discover any unfavorable information contained therein and challenge or rebut that information at his parole interview. The denial of the opportunity to do so, Counts contends, amounts to a denial of due process. We disagree.

Despite Counts' claim to the contrary, a prisoner does not have a right under Pennsylvania law to review his file with the institution or with the Board prior to being considered for parole. *Gahagan v. Pennsylvania Board of Probation and Parole,* 444 F. Supp. 1326 (E.D. Pa. 1978); *see also Wiley v. United States Board of Parole,* 380 F. Supp. 1194 (M.D. Pa. 1974); *Barradale v. United Statess Board of Parole and Pardons,* 362 F. Supp. 338 (M.D. Pa. 1973) (due process does not require that a federal prisoner eligible for parole consideration be permitted to examine his institutional or Board file); Annot., 44 A.L.R. Fed. 390 (1979). The cases relied on by Counts are from other jurisdictions and our review of them finds that those decisions are based upon the applicable state law.[8] Accordingly, we held that under Pennsylvania law, a prisoner who is eligible for parole consideration does not have a right to inspect his file at the institution or with the Board in order to discern unfavorable information contained therein prior to his parole interview.[9] There was no violation of Counts'

---

[8] *See e.g., Williams v. Virginia Probation and Parole Board,* 401 F. Supp. 1371 (W.D. Va. 1975) (right to examine prison record based on Virginia statutes).

[9] We do note that a prisoner is aware of the contents of his institution disciplinary file as prisoners are supplied with copies of misconduct charges and decisions of misconduct hearings and appeals. 37 Pa. Code §95.103.

constitutional rights as a result of his inability to inspect his files.

Having found that the Board did not violate any constitutional rights and in view of the broad discretion enjoyed by the Board in parole matters, we will affirm the Board's order denying Counts' parole application.

ORDER

AND Now, the 30th day of January, 1985, the Order of the Pennsylvania Board of Probation and Parole at Parole No. 8568-K, dated April 23, 1984, which denies parole to Ricky Counts is hereby affirmed.