515 A.2d 1006

Harry M. Green, Sr., Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs August 18, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Harry M. Green, Sr.,* petitioner, for himself.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, October 1, 1986:

This is an appeal by Harry M. Green, Sr., who petitions for review of an order of the Pennsylvania

Board of Probation and Parole (Board) which purports to rescind a prior Board order granting him parole on a 1981 Erie County sentence to a detainer sentence.[1] We affirm.

The pertinent facts are as follows. In 1979 Green was arrested and charged with Indecent Assault[2] and Corrupting the Morals of a Minor.[3] He was convicted of those charges in Erie County Common Pleas Court and sentenced in 1980 to a total of two and one-half to five years. On August 14, 1981, the Pennsylvania Superior Court reversed that judgment of sentence and granted him a new trial. *See Commonwealth v. Green*, 290 Pa. Superior Ct. 76, 434 A.2d 137 (1981). Green was able to secure his release on bail pending retrial and on January 19, 1982, he was again arrested and charged with Rape,[4] Indecent Assault, and Corrupting the Morals of a Minor. The retrial of his 1979 charges was held on March 17, 1982 and he was again convicted of those charges the following day and again sentenced to a term of two and one-half to five years. On July 22, 1982, he was convicted in Erie County Common Pleas Court of the charges stemming from the January 19, 1982 arrest and sentenced to a term of twenty to forty years. On

---

[1] A "detainer sentence" is a consecutive sentence a prisoner is subject to, separate and distinct from that sentence a prisoner is currently serving, which is noted upon the prisoner's institutional records to ensure that once the prisoner has completed the present term, he will be detained and made available to the authority that imposed the consecutive sentence to commence service of that sentence rather than being released from confinement. *See Weyand v. Pennsylvania Board of Probation and Parole*, 94 Pa. Commonwealth Ct. 32, 503 A.2d 80 (1986); *Counts v. Pennsylvania Board of Probation and Parole*, 87 Pa. Commonwealth Ct. 277, 279 n.3, 487 A.2d 450, 452 n.3 (1985).

[2] 18 Pa. C. S. §3126.

[3] 18 Pa. C. S. §6301.

[4] 18 Pa. C. S. §3121.

March 23, 1984, the Board granted him parole on his initial two and one-half to five year sentence to his detainer sentence of twenty to forty years. However, the Board modified that order on April 13, 1984, to provide that if Green's detainer sentence was not enforced, he was to be re-interviewed for possible parole to the street. On May 10, 1985, the Pennsylvania Superior Court vacated that sentence and granted Green a new trial on the 1982 charges. *See Commonwealth v. Green,* 345 Pa. Superior Ct. 617, 496 A.2d 851 (1985) *(per curiam).* On October 23, 1985, the Board issued an order which "temporarily" suspended its order of March 23, 1984, and continued the matter pending Green's retrial of the 1982 charges. Green was not afforded a *Morrissey*[5] due process hearing or counsel representation prior to the Board issuing its order of October 23, 1985.

In this appeal, Green contends the Board violated his due process rights by failing to afford him a *Morrissey* hearing with counsel representation prior to revoking the parole granted by its order of March 23, 1984. The Board, for its part, argues Green's parole order was never executed and the Board acted properly in denying him release from prison.

The issue of what due process protections Green was entitled to is dependent upon our resolution of whether the Board's order of March 23, 1984 granting him parole on his initial sentence was ever executed. If that order was executed, and Green was on constructive parole while serving the minimum term of his detainer sentence, the Board was required to satisfy the minimum due process requirements of *Morrissey* prior to revoking that parole. If, as the Board contends, the March 23, 1984 parole order was never executed, then

---

[5] *Morrissey v. Brewer,* 408 U.S. 471 (1972).

the Board could properly rescind or suspend its parole order without affording Green a due process hearing or counsel representation. *See Jago v. Van Curen*, 454 U.S. 14 (1981); *Franklin v. Pennsylvania Board of Probation and Parole*, 83 Pa. Commonwealth Ct. 318, 476 A.2d 1026 (1984).

In *Franklin*, we held that a prisoner does not reach the status of a parolee with its attendant due process guarantees until the Board's order granting parole is fully executed and the prisoner released from confinement. 83 Pa. Commonwealth Ct. at 321, 476 A.2d at 1027. *See also Jones v. Pennsylvania Board of Probation and Parole*, 81 Pa. Commonwealth Ct. 194, 473 A.2d 247 (1984). Both the Board and Green agree that he was never released from confinement. That fact, however, does not end our inquiry.

In *Hines v. Pennsylvania Board of Probation and Parole*, 491 Pa. 142, 420 A.2d 381 (1980), the Pennsylvania Supreme Court recognized the existence of "constructive parole." As noted by Justice Bruce W. Kauffman, a prisoner on "constructive parole" is not released from prison; although paroled on his original sentence, the prisoner immediately begins serving the detainer sentence. *Id.* at 146 n.2, 420 A.2d at 383 n.2. Therefore, a release from confinement is not an absolute prerequisite to the execution of a Board order granting parole. What is required for a prisoner to be constructively paroled is for the prisoner to execute an acknowledgement of the conditions of parole, Board form PBPP-11, and for the Board to issue an order to release on parole, Board form PBPP-10. In the case of a constructive parole, the Board's release order would release the prisoner to the detainer sentence only.

Our review of the record before us shows that neither administrative act was accomplished. The Board never issued an order to release Green on parole to his

detainer sentence, the form PBPP-10, and Green never signed an acknowledgement of the conditions of parole, form PBPP-11. In the absence of such administrative action, the Board parole order of March 23, 1984, as amended by its order of April 13, 1984, remained *unexecuted*. Since Green's parole was never executed, he never attained the status of a parolee and the Board could properly rescind that parole order without a prior hearing and counsel representation. *Jago, Franklin.* That is precisely what the Board did in its order of October 23, 1985.

Green also contends that the Board has violated his due process rights by failing to release him from confinement when the Superior Court vacated his detainer sentence on May 10, 1985. Following the Superior Court's action, the Board, pursuant to its order of April 13, 1984, re-interviewed Green for possible parole and release from confinement. The Board denied him parole based upon the seriousness of the outstanding criminal charges. It is beyond dispute that a prisoner enjoys no right to release from confinement on parole prior to the expiration of his sentence's maximum term. *See Commonwealth v. Brittingham,* 442 Pa. 241, 275 A.2d 83 (1971); *Commonwealth v. Gooslin,* 280 Pa. Superior Ct. 384, 421 A.2d 775 (1980); *Blair v. Pennsylvania Board of Probation and Parole,* 78 Pa. Commonwealth Ct. 41, 467 A.2d 71 (1983), *cert. denied,* 466 U.S. 977 (1984). We have also recognized the highly subjective nature of the parole release decision, the highly specialized expertise of the Board in evaluating such matters, and the broad grant of discretion vested in the Board in parole matters by the General Assembly. *See e.g., Commonwealth v. Vladyka,* 425 Pa. 603, 229 A.2d 920 (1967); *Bradshaw v. Pennsylvania Board of Probation and Parole,* 75 Pa. Commonwealth Ct. 90, 461 A.2d 342 (1983). *See generally* Note, *A Survey of*

*the Law of Probation and Parole in Pennsylvania,* 30 Temple L. Q. 309 (1957). We have previously stated that the judiciary will not review the Board's exercise of its discretion when it acts on a parole application, *Reider v. Pennsylvania Board of Probation and Parole,* 100 Pa. Commonwealth Ct. 333, 514 A.2d 967 (1986) *(en banc); LaCamera v. Pennsylvania Board of Probation and Parole,* 13 Pa. Commonwealth Ct. 85, 317 A.2d 925 (1974) *(en banc),* nor will we substitute judicial discretion for administrative discretion in parole matters. *Cox v. Board of Probation and Parole,* 507 Pa. 614, 493 A.2d 680 (1985); *cf. Eways v. Reading Parking Authority,* 385 Pa. 592, 124 A.2d 92 (1956) (discretionary acts of local parking authority); *Blumenschein v. Housing Authority of Pittsburgh,* 379 Pa. 566, 109 A.2d 331 (1954), *appeal dismissed,* 350 U.S. 806 (1955) (discretionary act of municipal housing authority). The Board's denial of parole is, therefore, proper.

ORDER

Now, October 1, 1986, the Order of the Pennsylvania Board of Probation and Parole at Parole No. 1712-P, dated October 23, 1985, that suspended the order of March 23, 1984 granting Harry M. Green, Sr., parole to a detainer sentence only, is hereby affirmed.