523 A.2d 1218

Leroi Dinkins, Petitioner *v.* Commonwealth of Pennsylvania, Department of Justice, Pennsylvania Board of Probation and Parole and Bureau of Corrections, and Lawrence Reid, Superintendent at SCIP Greensburg, and his hearing Examiner/Coordinator, M. J. Mathews, Respondents.

Submitted on briefs December 19, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Dante G. Bertani*, Public Defender, for petitioner.

*Arthur R. Thomas*, Assistant Chief Counsel, with him, *Robert A. Greevy*, Chief Counsel, for respondents.

OPINION BY JUDGE PALLADINO, April 14, 1987:

Leroi Dinkins (Petitioner) appeals from a decision of the Pennsylvania Board of Probation and Parole (Board) which affirmed its prior order to rescind Petitioner's parole. We affirm.

On December 13, 1985, Petitioner was released from prison on a furlough. He returned on December 15, 1985. A urine sample was taken at that time for the purpose of drug testing. The test returned positive for morphine, and on December 20, 1985, the Department of Corrections held a hearing on Petitioner's misconduct. Petitioner was found guilty of unauthorized use of dangerous or controlled substances and violation of a condition of his pre-release program which prohibits such use. As a result, the Department ordered disciplinary action, and Petitioner did not appeal that decision.

On December 23, 1985, without knowledge of the action of the Department of Corrections, the Board is-

sued a decision to parole Petitioner to an approved plan on January 8, 1986 subject to the condition that there be no misconducts in the interim.

Upon learning that the Department of Corrections had found Petitioner guilty of misconduct while on furlough, the Board rescinded its prior paroling action. This determination is listed on the Board's decision form as having been recorded on March 7, 1986. However, it was not mailed to Petitioner's counsel until April 18, 1986. Petitioner filed this action on May 16, 1986.

The Board filed a motion to quash Petitioner's appeal as untimely pursuant to Pa. R.A.P. 1512(a)(1) which states that petitions for review of quasijudicial orders shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order. In support of its motion, the Board argues that its order rescinding Petitioner's parole was recorded on March 7, 1986 and that, therefore, Petitioner's time for petitioning for review had expired at the time this action was filed. We disagree.

The 30-day limit for taking appeals under Pa. R.A.P. 1512 starts to run upon entry of the order. Pa. R.A.P. 108 defines the Date of Entry of Orders as "the day the clerk of the court or the office of the government unit mails or delivers copies of the order to the parties. . . ." This Court has recognized that the date of execution of a determination is not necessarily the mailing date. *Sheets v. Department of Public Welfare,* 84 Pa. Commonwealth Ct. 388, 479 A.2d 80 (1984).

In the case at bar, there is nothing in the record to indicate that the Board notified Petitioner or his counsel of their decision on March 7, 1986. The fact that the Board's decision is listed as being recorded on March 7, 1986 is not sufficient to establish March 7, 1986 as the mailing date. On the contrary, in a letter dated April 18, 1986 to Petitioner's counsel, the Board stated: "This

will acknowledge receipt of your correspondence dated March 13, 1986 regarding [Petitioner]. Attached is a copy of the Board's action dated March 7, 1986 which is self-explanatory." The record is devoid of any offer of proof by the Board of a date of mailing. Since the Board's letter of April 18, 1986 is the only evidence of notification to the Petitioner of its decision, that date constitutes the date of entry of the Board's order. Petitioner filed this action 28 days later on May 16, 1986. Therefore, it is timely.

As to the merits of his claim, Petitioner contends[1] that the Board failed to afford him due process protection in rescinding his parole without a full hearing and that the Department of Corrections improperly relied on hearsay evidence (a laboratory urinalysis) in finding him guilty of misconduct. Petitioner's contentions demonstrate a misunderstanding of the nature of parole.

Parole is not a matter of right, rather it is a privilege of administrative discretion, *Commonwealth v. Brittingham*, 442 Pa. 241, 275 A.2d 83 (1971), and the Board has the exclusive power to parole. Furthermore, while an individual who has been paroled does gain a liberty interest which must be afforded due process protection where the Board seeks to revoke parole, *see Morrissey v. Brewer*, 408 U.S. 471 (1982), a prisoner approved for parole but not yet released is not a parolee with such liberty interest, and, therefore, the Board may rescind parole without conducting a hearing. *Jago v. Van Curen*, 454 U.S. 14 (1981); *Franklin v. Pennsylvania Board of Probation and Parole*, 83 Pa. Commonwealth Ct. 318, 476 A.2d 1026 (1984).

---

[1] Our scope of review for Board decisions is limited to whether constitutional rights were violated, an error of law was committed, or necessary findings of fact are supported by substantial evidence. *Seyler v. Pennsylvania Board of Probation and Parole*, 97 Pa. Commonwealth Ct. 302, 509 A.2d 438 (1986).

As to the hearsay issue, Petitioner never appealed from the action of the Department of Corrections in finding him guilty of misconduct. Such appeals must be made in accordance with the procedures established by that agency for such appeals. Since Petitioner did not appeal that determination, he will not be heard to collaterally challenge it now in this action against the Board.

Accordingly, the order of the Board rescinding Petitioner's parole is affirmed.

ORDER

AND NOW, April 14, 1987, the decision of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.