**Andre SHAW, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 19, 1996.

Decided Feb. 7, 1996.

Andre Shaw, pro se, as Petitioner.

Arthur R. Thomas, Assistant Chief Counsel, for Respondent.

Before SMITH and PELLEGRINI, JJ., and MIRARCHI, Senior Judge.

PELLEGRINI, Judge.

Before this Court are the Pennsylvania Board of Probation and Parole's (Board) preliminary objection and suggestion of mootness to Andre Shaw's (Shaw) petition for review in the nature of a mandamus seeking this Court to compel the Board to release him from confinement and revoke the Board's order rescinding his reparole eligibility date.

Shaw was arrested in May of 1972 and convicted of second degree murder and robbery and sentenced to 20 to 40 years of imprisonment. After serving his minimum sentence, he was paroled by the Board in 1992. In April of 1994, Shaw was arrested for simple possession of a controlled substance and firearms violations. Because of his arrest, he was detained as a suspected parole violator. While the criminal charges were dismissed, Shaw was charged as a technical parole violator, and, after a hearing on April 11, 1995, the Board issued an order, stating in relevant part that:

Recommit to a state correctional institution as a technical parole violator to serve 12 months backtime.

12 months for technical parole violations. Condition # 5a, use of drugs. Condition # 5b, possession of weapon—handgun. Evidence relied on: Your admission. Reasons: Violations established. You are considered a threat to the safety of the community.

Reparole on or after 4–29–95 to an approved plan, provided there are no misconducts, you remain involved in required programs and you have submitted a minimum of five letters of employment/vocational training/education inquiry.

When April 29th passed without his parole, Shaw filed the instant petition for review with this Court contending that because he was not released as of that date nor afforded a hearing as to why he was not released, his due process and equal protection rights to a constitutionally protected liberty interest to be released have been denied.

■ The Board filed a preliminary objection,[1] asserting that the Board's order only established a parole *eligibility* date of April 29, 1995, not an actual parole date. As such, the Board argues that it is under no legal duty to parole Shaw on that date.[2]

■ When a prisoner is ordered to serve backtime as a parole violator, the prisoner loses his or her status as a "parolee" and has no right to be automatically released upon the expiration of the backtime established by the Board. *Johnson v. Pennsylvania Board of Probation and Parole*, 110 Pa. Cmwlth. 142, 532 A.2d 50, 53 (1987). "[W]hen the Board imposes backtime, it is establishing a new parole eligibility date for the parole, in effect, a recomputed minimum

1. In ruling on preliminary objections in the nature of a demurrer to a petition for review, this Court must determine whether the petitioner has stated a cause of action in his petition for review, assuming the truth of all factual averments and inferences fairly deductible therefrom, and bearing in mind that, if there is any doubt, preliminary objections should be overruled. *Sinwell v. Pennsylvania Board of Probation and Parole*, 46 Pa.Cmwlth. 429, 406 A.2d 597 (1979).

2. On that date, the Board also issued an order rescinding the April 29, 1995 date established by the Board's order of April 11, 1995. The Board then filed with this Court a suggestion of mootness, maintaining that the Board had rescinded the parole eligibility date of April 29, 1995, thereby rendering Shaw's petition moot.

term." *Krantz v. Pennsylvania Board of Probation and Parole*, 86 Pa.Cmwlth. 38, 483 A.2d 1044, 1048 (1984). Until the Board's order is "executed," the Board may at any time rescind an order granting parole. *Green v. Pennsylvania Board of Probation and Parole*, 101 Pa.Cmwlth. 132, 515 A.2d 1006 (1986). The Board's order is executed when there is an order granting a prisoner's release and the prisoner signs an acknowledgement of the conditions of parole.[3] Only then does a liberty interest with its attendant constitutional guarantees of due process come into existence. *Johnson*, 532 A.2d at 52. Up until that occurs, the Board has the discretion, not subject to judicial review, to revoke the eligibility date. *Lord v. Pennsylvania Board of Probation and Parole*, 135 Pa.Cmwlth. 225, 580 A.2d 463 (1990), *appeal denied*, 528 Pa. 619, 596 A.2d 801 (1991).

■ The Board's order directing Shaw to serve 12 months backtime also established a new parole eligibility date and, in effect, established a new minimum term upon which Shaw would again be eligible for parole.[4] Because there is no allegation that Shaw has an "executed release order," he has failed to establish that the Board has issued an order by which he has acquired a constitutionally protected liberty interest that this Court can compel the Board ministerially to follow. Accordingly, the Board's preliminary objection is sustained and Shaw's petition is dismissed with prejudice.[5]

### ORDER

AND NOW, this 7th day of February, 1996, the preliminary objection of the Pennsylvania Board of Probation and Parole dated November 9, 1995, is sustained and the petition for review is dismissed with prejudice.

---

3. The Board's brief makes no effort to explain what causes a release order to be executed. Gleaned from Shaw's complaint is that this occurs as a matter of course when backtime has been served. See also 61 P.S. § 331.22.

4. That April 29, 1995 date established by the Board is a reparole eligibility date rather than a firm order of parole is evidenced by the wording ordering "reparole on or after" that does not establish a definite parole date of April 29th, but only establishes that he will not be paroled before then.

5. Because we dismiss Shaw's petition for failure to state a cause of action, we need not address the Board's contention that its November 9, 1995 order rescinding Shaw's parole eligibility date of April 29, 1995, rendered Shaw's petition moot. Moreover, because an order rescinding a parole eligibility date is not subject to judicial review, *see Johnson v. Pennsylvania Board of Probation and Parole*, 110 Pa.Cmwlth. 142, 532 A.2d 50 (1987), we decline to review the Board's November 9, 1995 order revoking Shaw's previous parole eligibility date of April 29, 1995.