**John T. JOHNSON, Plaintiff,**

v.

**Edward RENDELL, Mayor, et al., Defendants.**

**No. Civ.A. 95–7124.**

United States District Court, E.D. Pennsylvania.

June 29, 1999.

---

John T. Johnson, pro se.

Thomas M. Zaleski, U.S. Attorney's Office, Philadelphia, PA, Janet F. Ginzberg, City of Philadelphia Law Dept., Tremelle I. Howard, Philadelphia, PA, John O.J. Shellenberg, III, Dalinda E. Carrero, Office of Atty. Gen., Philadelphia, PA, for Defendants.

## *MEMORANDUM*

ANITA B. BRODY, District Judge.

When the events giving rise to this suit took place, plaintiff John Johnson was a prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"), placed in the Onwards, Inc. facility ("Onwards"), a Community Contract Facility located in the City of Philadelphia. While housed at Onwards, plaintiff observed nu-

merous fire code and safety violations, which he reported to various city officials. In addition, plaintiff injured his ankle during a fire drill, because furniture had been left in the hallway while renovations were being done on the facility. Plaintiff brought this *pro se* action under 42 U.S.C. § 1983 against the Mayor of the City of Philadelphia Edward Rendell; Thomas Donovan, Captain of the Fire Code Unit of the City of Philadelphia Fire Department; and Bennitt Levin, Commissioner of the Philadelphia Bureau of Licenses and Inspections (collectively the "City Defendants"), alleging that those defendants violated his Eighth and Fourteenth Amendment rights by allowing the unsafe environment at Onwards to exist and persist after notification.

Johnson has also sued Walter Nelson, a former Contract Facilities Coordinator for the Pennsylvania Department of Corrections Community Corrections Center, Region I ("Nelson"). Johnson claims, among other things, that defendant Nelson retaliated against him for filing a grievance complaining about the living conditions at Onwards.[1] The defendants have filed motions for summary judgment, and Johnson has not responded to these motions.[2]

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment must inform the dis-

trict court of the basis for its motion, and identify those portions of record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the moving party does not bear the burden of persuasion at trial, as is the case here, its burden may be met by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325, 106 S.Ct. 2548.

Once the moving party has filed a properly supported motion, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The nonmoving party "may not rest upon the mere allegations or denials of the [nonmoving] party's pleading," *id.,* but must support its response with affidavits, depositions, answers to interrogatories, or admissions on file. *See Celotex,* 477 U.S. at 324, 106 S.Ct. 2548; *Schoch v. First Fidelity Bancorporation,* 912 F.2d 654, 657 (3d Cir. 1990). The "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505; *see also Big Apple BMW, Inc. v. BMW of N. Am., Inc.,* 974 F.2d 1358, 1363 (3d Cir.1992).

In order to bring a successful § 1983 claim, a plaintiff must demonstrate (1) that the challenged conduct was committed by a person acting under color of state law, and (2) that the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or federal law. *See Parratt v. Taylor,* 451 U.S. 527, 535,

---

1. Claims against three additional defendants, Wesley Taylor, Richard Warner, and Onwards, Inc., were dismissed by stipulation of the parties on September 25, 1998. A fourth additional defendant, Marian W. Langdon, has yet to be served with a summons and copy of the complaint. When the initial summons addressed to Langdon was not timely served, I ordered plaintiff to obtain an amended summons and forward it to the Marshal's Service with a revised form USM 285. *See* Order dated March 31, 1997. Apparently, this was never done. Because Johnson has

failed to serve Langdon after four years of litigation, I will dismiss her as a defendant in this case.

2. Defendants' motions for summary judgment were filed on November 16, 1998 and November 23, 1998. After plaintiff failed to respond, I issued an Order to Show Cause why I should not grant defendants' motions, and informed plaintiff that failure to respond might result in my granting the motions. Plaintiff failed to respond to that Order.

101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir.1994); *Carter v. City of Philadelphia*, 989 F.2d 117, 119 (3d Cir. 1993).

### Claims Against the City Defendants

In this case, plaintiff alleges that the City Defendants deprived him of rights protected by the Eighth and Fourteenth Amendments of the United States Constitution, by failing to remedy unsafe and unsanitary conditions at the Onwards facility. The City Defendants move for summary judgment, arguing that Johnson has failed to allege facts that demonstrate a violation of his constitutional rights. Their argument is twofold: (1) they are not liable to plaintiff under the Eighth Amendment because plaintiff was not in their custody at the time of his injury; and (2) at most, plaintiff's complaint alleges negligence against them, which is an insufficient basis to establish liability under § 1983.

■ The Eighth Amendment protects those convicted of crimes, who are in the custody of the state, from cruel and unusual punishment. The City Defendants argue that they cannot be liable to plaintiff for any Eighth Amendment violations he may have suffered because he was not in their custody at the time of his injuries. They have offered evidence that Onwards operated pursuant to a private contract with the Pennsylvania Department of Corrections, not with the City of Philadelphia. Attached to their motion for summary judgment is an affidavit by John E. Daughen, Deputy Commissioner for Administration for the City of Philadelphia Prison System. Mr. Daughen states that the City does not have a contract for services with Onwards, nor did it have such a contract in 1995, at the time of Plaintiff's injuries.

Plaintiff has offered no evidence to refute this. Because Johnson was in the custody of the Pennsylvania Department of Corrections, not the City of Philadelphia, he has failed to state a claim under the Eighth Amendment against the City Defendants.

■ Plaintiff also claims that he was injured when, during a late-night fire drill, he tripped over furniture placed against a hallway wall. The furniture was in the hallway while renovations were being done to the Onwards facility. Plaintiff does not allege that any of the City Defendants placed the furniture in the hallway. Instead, he alleges that he complained about the conditions at Onwards to the City Defendants, and that they failed to properly investigate his complaints and remedy alleged fire code and safety regulations. He believes that this inaction violated his right to be free from the City Defendants' failure to perform their official duties and enforce the City's fire code and zoning laws, and that he was injured as a result of their inaction. The City Defendants argue that, at most, their conduct amounts to negligence, which does not constitute a violation of the Fourteenth Amendment.[3] I agree with the City Defendants. Taking Johnson's factual allegations as true, his claims against them amount to no more than negligence on their part, and do not state a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) (Fourteenth Amendment does not provide a remedy where deputy's negligence in leaving a pillow on a prison stairway caused plaintiff to fall and sustain injuries). Because Johnson has failed to establish any claim against the City Defendants under § 1983, I will grant summary judgment in their favor on all claims.

---

**3.** The City Defendants assume that Johnson's claims would be cognizable under the Fourteenth Amendment if their conduct amounted to more than mere negligence, and I have assumed the same for purposes of ruling on this motion. *But see Alston v. Redman*, 34 F.3d 1237, 1247 (3d Cir.1994) ("In the context of the Due Process Clause, the negative nature of constitutional rights is viewed as imposing on the state no positive obligation to act absent some special circumstance such as custody.").

*Claims Against Defendant Walter Nelson*

Johnson brings two claims against defendant Walter Nelson: (1) that Nelson violated Johnson's due process rights by issuing a misconduct report against Johnson after Johnson had been paroled and was no longer subject to the rules of Onwards; and (2) that Nelson issued a misconduct against Johnson in retaliation for Johnson's filing of a grievance complaining of the conditions at Onwards. The relevant facts are as follows. On September 11, 1995, Johnson failed to return to Onwards by his 11:00 PM curfew time. On September 12, Richard Warner, the Assistant Director of Onwards, issued a Report of Extraordinary Occurrence, noting: (1) Johnson's failure to return on September 11th; (2) the efforts made to locate Johnson; and (3) that Johnson had not yet been found. On September 13th, Warner issued a second Report of Extraordinary Occurrence, noting that Johnson had called Onwards that morning to report that he was in Episcopal Hospital being treated for heart problems. Also on September 13th, Nelson issued a misconduct report against Johnson, charging him with failure to return for curfew and with being AWOL. That same day, Johnson was taken from Onwards and placed in Graterford prison, to await a hearing on that misconduct. A hearing was held on September 15th, and Johnson was found guilty of the misconduct. Johnson appealed to the Program Review Committee, which sustained the actions of the hearing examiner on September 22, 1995.

Johnson makes two claims against Nelson based on this series of events. First, he claims his due process rights were violated when Nelson issued the misconduct report, because he had been granted parole on August 22, 1995, and was no longer subject to a curfew or curfew violations at Onwards on September 11, 1995. His second claim is that Nelson issued the misconduct report in retaliation for Johnson's

filing a grievance on September 10, 1995, complaining about the conditions at Onwards.

Defendant Nelson is entitled to summary judgment on Plaintiff's due process claim that the misconduct report was invalid because Johnson was on parole on September 11, 1995, when the curfew violation took place. A predicate to Johnson's constitutional claim is that he was on parole when Nelson issued the misconduct report. He was not.[4] When Johnson violated his Onwards curfew, he had not yet achieved the status of a parolee. Under Pennsylvania law, an inmate does not achieve the status of a parolee until a parole board's grant of parole is executed. *See Johnson v. Pennsylvania Bd. Probation & Parole,* 110 Pa.Cmwlth. 142, 532 A.2d 50 (Pa.Commw.Ct.1987). A parole order is executed when "there is an order granting a prisoner's release and the prisoner signs an acknowledgement of the conditions of parole." *Shaw v. Pennsylvania Bd. Probation & Parole,* 671 A.2d 290 (Pa.Commw.Ct.1996). Although Johnson correctly notes that on August 22, 1995, the Board rendered a decision granting him parole to the intensive supervision diversion program, he does not offer any evidence that the Board issued an order based on that decision, set a date for his parole, or that he signed an acknowledgment of the conditions of parole. In addition, the decision of the Board appears to have been a conditional, and not a final grant of parole. The decision states "Parole .... providing there are no misconducts, you remain involved in required programs, and you have submitted a minimum of five letters of employment/vocational training/education inquiry, also subject to an approved plan." Exh. attached to Am. Compl. (docket entry 13). Because Johnson had not yet achieved the status of a parolee, he was still in the custody of Onwards and was subject to its curfew rules on September 11, 1995. Therefore,

---

4. Therefore, the issue of the due process rights of a parolee is not relevant.

the misconduct that defendant Nelson issued based upon Johnson's curfew violation was not invalid, and plaintiff's due process claim fails.

 Defendant Nelson is also entitled to summary judgment on plaintiff's retaliation claim. To prevail on a claim that he was retaliated against in violation of his constitutional rights, Johnson must prove that: (1) he engaged in a protected activity; (2) the state actors retaliated against him; and (3) the protected activity caused the state actor's retaliation. *See Sims v. Dragovich,* 1999 WL 371621, No. 95–6753, slip op. at 6 (E.D.Pa. June 8, 1999) (citing *Mt. Healthy City Bd. of Educ. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).) Johnson fails to meet the third criterion. To prove that the protected activity caused the retaliation, Johnson must prove that Nelson's filing the grievance was a substantial motivating factor behind Nelson's issuing the misconduct report against Johnson. *See Drexel v. Vaughn,* 1998 WL 151798, *7 (E.D.Pa.1998). Plaintiff has failed to offer any evidence that Nelson issued the September 13, 1995 misconduct report in retaliation for Johnson's filing a grievance on September 10, 1995. Proximity in time between a grievance and a misconduct may be evidence of a retaliatory motive. However, Johnson fails to connect Nelson's actions to the grievance. The misconduct report appears, on its face, to be a valid response to Johnson's breaking curfew and failing to notify Onwards of his whereabouts for almost two days. Furthermore, the grievance was addressed to Richard Warner, the Director of Onwards, not to defendant Nelson. Johnson has not produced any evidence that Nelson was even aware of the grievance when he issued the misconduct report. After several years of litigation, plaintiff's retaliation claim is based on pure conjecture. Nelson has satisfied his burden under *Celotex,* and given plaintiff's failure to respond, Nelson is entitled to summary judgment on plaintiff's retaliation claim.

Conclusion

For the foregoing reasons, I will grant summary judgment on all claims in favor of defendants Edward Rendell, Thomas Donovan, Bennitt Levin, and Walter Nelson. An appropriate Order follows.