IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Niheim Miller,                 :
                                     :
               Petitioner     :
                                     :
              v.                   : No. 9 C.D. 2021
                                     : Submitted: July 30, 2021
Pennsylvania Parole Board,    :
                                     :
            Respondent   :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                FILED:      December 22, 2021

Niheim Miller (Parolee) petitions for review of the Pennsylvania Parole Board (Board) order denying his Request for Administrative Review that challenged the Board's July 23, 2018 decision, which rescinded the automatic reparole that the Board had granted in its February 14, 2018 decision, that recommitted Parolee as a technical parole violator (TPV). We affirm.

In 2009, Parolee received an aggregate 8-year, 6-month to 17-year sentence of imprisonment based on his guilty pleas to a number of charges in the Blair County Court of Common Pleas. Certified Record (C.R.) at 1-3. With an effective date of April 26, 2008, Parolee's sentence had a minimum expiration date of October 26, 2016, and a maximum expiration date of April 26, 2025. *Id.* at 3. Following an initial grant of parole at the expiration of his minimum sentence, on

April 24, 2017, the Board revoked Parolee's parole and he was recommitted as a TPV for a violation of Parole Condition #7 based on his admitted failure to successfully complete a drug treatment program. *Id.* at 5-6. On August 16, 2017, Parolee was released on parole. *Id.* at 8.

On December 29, 2017, the Board issued a Warrant to Commit and Detain Parolee. C.R. at 17. On January 4, 2018, the Board issued a Notice of Charges and Hearing. *Id.* at 18. The Board alleged that Parolee violated Parole Condition #5A requiring that he abstain from the unlawful possession or sale of narcotics and dangerous drugs, and Parole Condition #7 prohibiting direct or indirect contact or association with any persons who sell or use drugs, outside of a treatment setting, or possession of drug paraphernalia. *Id.* That same day, Parolee executed a Waiver of Violation Hearing and Counsel/Admission Form in which he "knowingly, voluntarily, and willingly admit[ted] to the violation(s)[.]" *Id.* at 20.

As a result, the Board mailed its February 14, 2018 decision recommitting Parolee as a TPV to serve nine months' backtime pursuant to Section 6138(d)(3)(ii) of the Prisons and Parole Code (Code) for his multiple violations of the technical conditions of his parole,[1] and stating that he would be automatically

---

[1] 61 Pa. C.S. §6138(d)(3)(ii). Code Section 6138(d)(3)(ii) states, in relevant part:

> (3) Except as set forth in paragraph . . . (5), the parolee shall be recommitted for one of the following periods, at which time the parolee shall automatically be reparoled without further action by the [B]oard:
>
> * * *
>
> (ii) For the second recommitment under this subsection, a maximum period of nine months.

**(Footnote continued on next page…)**

2

paroled on September 28, 2018. C.R. at 37-39. However, the decision also stated, in relevant part, that pursuant to Code Section 6138(d)(5)(i), he would be "reparoled automatically without further action of the Board . . . provided [that he did] not . . . commit a disciplinary infraction involving . . . a weapon or controlled substance[.]" *Id.* at 38.

On July 17, 2018, the Board issued an Automatic Reparole Rescission Report indicating that Parolee committed a disciplinary infraction involving the possession or use of a controlled substance. C.R. at 51-54. The Board summarized the documentary evidence relied upon as follows:

> Misconduct report from [the Department of Corrections (DOC)] reflects that [Parolee] violated rule #22 – Possession or Use of a Dangerous or Controlled Substance and #35 – Refusing to Obey an Order. The misconducts occurred on 06/07/2018 when he refused to move away from items on a counter and staff found a piece of Suboxone[2] in the cigarette that he was attempting to grab and smoke. [Parolee] denied the drug-related misconduct, but DOC found him guilty of both misconducts at his 06/12/2018 disciplinary hearing. DOC sanctioned him to 90 days in disciplinary custody.

*Id.* at 52.

As a result, the Board decided to rescind Parolee's initial automatic parole date, and to issue a new parole date of September 28, 2018, explaining:

---

In turn, Code Section 6138(d)(5)(i) states, in pertinent part, that "[t]he time limit under paragraph (3) ***shall not*** be applicable to a parolee who . . . [c]ommitted a disciplinary infraction involving . . . a weapon or controlled substances." 61 Pa. C.S. §6138(d)(5)(i) (emphasis added).

[2] *See, e.g.*, *Commonwealth v. Perrone* (Pa. Super., No. 1304 WDA 2013, filed September 23, 2014), slip op. at 2 n.1 ("Suboxone Film is a controlled substance that is prescribed to help manage the physical symptoms and cravings of opioid dependence. *See* www.suboxone.com (last visited 9/8/14).").

The Board recommitted [Parolee] to [a State Correctional Institution (SCI)/Contracted County Jail (CCJ)] for his technical parole violation by decision recorded 02/14/2018 with an automatic reparole date of 09/28/2018. While in the SCI, he committed a drug-related misconduct by possessing a cigarette containing a piece of Suboxone. He attempted to destroy the cigarette at the time of his detention and he denied the misconduct at the disciplinary hearing. DOC found him guilty based on video evidence. Because he committed a drug-related misconduct, the Board is authorized to deny him automatic reparole. In this case, I am voting to deny automatic reparole. I have set a review date nine months from the date of the misconduct based on his initial nine-month recommit[ment] and his failure to take responsibility for the misconduct.

C.R. at 54. Based on the foregoing, the Board issued its July 23, 2018 and July 27, 2018 decisions rescinding the automatic parole that the Board had granted in its February 14, 2018 recommitment decision, and directing that Parolee be listed for parole review on or after March 7, 2019. *Id.* at 55, 57.

On March 1, 2018, Parolee filed a *pro se* Administrative Appeal form challenging the Board's recommitment decision in which he alleged, in relevant part: "I'm an addict that needs intensive outpatient as well as 1 on 1 counseling, which I could [have gotten] going back to my approved home plan. SCI will not provide what I need! Hopefully this review will be taken into consideration." C.R. at 61. On August 28, 2018, Parolee's counsel filed an Administrative Appeal form, which alleged, in pertinent part: "The Board lacked sufficient evidence to rescind his [Section 6138(d)(3)(ii) automatic] reparole date and contravened his due process rights by failing to provide him with a hearing to contest the allegations." *Id.* at 78.

On December 14, 2020, the Board mailed a decision denying the Administrative Appeals in which it stated the following, in relevant part:

4

[T]he [Code] also provides that the Board may recommit a [TPV] to an SCI/CCJ to serve up to nine months for a second violation. 61 Pa. C.S. §6138(d)(3). The Board previously recommitted [Parolee] as a TPV by decision recorded April 24, 2017. As such, this was [Parolee's] second recommitment as a TPV to an SCI/CCJ since the automatic reparole provision went into effect and the Board acted within its discretion by recommitting [Parolee] to serve nine months.

Finally, as mentioned above, the Board recommitted [Parolee as] a [TPV] to serve nine months in a[n SCI/CCJ], followed by automatic reparole no later than September 28, 2018, by decision mailed February 21, 2018 (recorded 2/14/2018). On June 7, 2018, while in a[n SCI], [Parolee] incurred a misconduct. The [SCI] provided him with a misconduct hearing, which resulted in a misconduct for Possession of a Controlled Substance and Refusing to Obey an Order, and he received a 90-day disciplinary custody [sanction].

The [Code] provides that automatic reparole does not apply to [TPVs] who commit disciplinary infractions involving possession of controlled substances. 61 Pa. C.S. §6138(d)(5). Because [Parolee] incurred a qualifying misconduct under the statute, the Board acted within its authority by rescinding automatic reparole in this case. Moreover, the Board acted within its discretion by taking this action without conducting an additional evidentiary hearing because [Parolee] was already afforded due process to challenge the misconduct at issue in the hearing held in the [SCI]. There is no reason for the Board to re-litigate those facts.

C.R. at 91-92. Accordingly, the appeal panel affirmed the Board's parole revocation and recission decisions. *Id.* at 93. Parolee filed the instant petition for review,[3] again

---

[3] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013).

5

arguing that the Board's July 23, 2018 decision rescinding the automatic parole provision in the February 14, 2018 decision violated his due process rights.

However, as stated above, Code Section 6138(d)(5)(i) states, in relevant part, that "[t]he [nine-month] time limit under paragraph (3)[(ii)] ***shall not*** be applicable to a parolee who . . . [c]ommitted a disciplinary infraction involving . . . a weapon or controlled substances."  61 Pa. C.S. §6138(d)(5)(i) (emphasis added). Thus, the Board was without authority to apply the nine-month backtime limit and automatic reparole provisions of Code Section 6138(d)(3)(ii) following Parolee's DOC controlled substance disciplinary infraction based upon the mandatory language of Code Section 6138(d)(5)(i).

Indeed, with respect to credit for the time spent at liberty on parole that the Board must award a TPV under Code Section 6138(a)(2), this Court has explained:

> Under Pennsylvania law, the Board "can exercise only those powers conferred upon it by the General Assembly in clear and unmistakable language." . . . [Code S]ection 6138(c)(2) positively states that a TPV "**shall** be given credit for the time served on parole in good standing." 61 Pa. C.S. §6138(c)(2) (emphasis added).  Through this directive of the General Assembly, the Board has no choice over the matter and must grant credit to the parolee who is recommitted as a TPV.

*Penjuke v. Pennsylvania Board of Probation and Parole*, 203 A.3d 401, 416 (Pa. Cmwlth. 2019), *appeal denied*, 228 A.3d 254 (Pa. 2020) (citations omitted). Likewise, in this case, the Board was without the authority to grant the administrative relief that Parolee requested because it was affirmatively prohibited from doing so by Code Section 6138(d)(5)(i).

Moreover, as outlined by the Board, any process that Parolee was due with respect to his disciplinary infraction that took place at the SCI was provided through the grievance procedure that Parolee could pursue with respect to those disciplinary proceedings. *See, e.g.*, DOC Policy Statement DC-ADM 801(4)(C)(1) ("After the misconduct hearing has concluded the Misconduct and Hearing Record shall be forwarded to the Facility Manager/designee for review. This review shall ensure that the hearing was conducted in accordance with procedures and that the actions taken conform to facility regulations."); DOC Policy Statement DC-ADM 801(5)(A)(1) ("An inmate who has been found guilty of a misconduct charge(s) may appeal to the Program Review Committee (PRC) for initial review within 15 calendar days of the hearing. . . ."); DOC Policy Statement DC-ADM 801(5)(B)(1) ("The inmate may appeal the decision of the PRC to the Facility Manager/designee within seven calendar days of receipt of the written PRC decision . . . ."); DOC Policy Statement DC-ADM 801(5)(C)(3) ("The inmate may appeal the decision of the Facility Manager/designee within seven calendar days of the receipt of the *Facility Manager*/designee's decision. Appeals that are addressed to the Secretary, Chief Counsel, or other Central Office Staff, are delivered to these individuals first, and then referred to the Chief Hearing Examiner's Office.") (emphasis in original).

Parolee may not collaterally attack the underlying misconduct determination in the instant Administrative Appeal of the Board's recission decision that was mandated by Code Section 6138(d)(5)(i), and no due process hearing was required before that decision was issued. As Parolee acknowledges in his appellate brief:

> It is well[]settled that under Pennsylvania law a grant of parole by itself does not vest a prisoner with any protected liberty interest in that parole. *Green* [*v.*

7

*Pennsylvania Board of Probation and Parole*, 515 A.2d 1006 (Pa. Cmwlth. 1986)]. *Cf. Jago v. Van Curen*, 454 U.S. 14 [] (1981) (no liberty interest created by a grant of parole under Ohio law until the prisoner is actually released on parole). Our case law has consistently held that a prisoner does not attain the status of a "parolee" until the grant of parole is actually executed. *See, e.g.*, *Dinkins v. Department of Justice*, [523 A.2d 1218 (Pa. Cmwlth. 1987)]; *Franklin v. Pennsylvania Board of Probation and Parole*, [476 A.2d 1026 (Pa. Cmwlth. 1984)]; *Jones v. Pennsylvania Board of Probation and Parole*, [473 A.2d 247 (Pa. Cmwlth. 1984)]. In *Green*, we held that a grant of parole is not executed until the prisoner signs the acknowledgement of parole conditions, Board form PBPP-11, and the Board issues its parole release order, Board form PBPP-10. []515 A.2d at 1008. Here, there is no allegation that [the inmate] signed the acknowledgement of parole conditions or that the Board issued a parole release order and [the inmate] concedes that they were not completed. Accordingly, [the inmate] never attained the status of "parolee" with respect to the parole granted by the [Board's] order and the Board was not required to provide him with advance notice and a hearing before it rescinded its prior grant of parole. Therefore, the Board did not violate any of his due process rights when it rescinded its prior grant of parole. . . .

*Johnson v. Pennsylvania Board of Probation and Parole*, 532 A.2d 50, 52 (Pa. Cmwlth. 1987). Likewise, in this case, the Board's recission decision was issued before Parolee's automatic parole was executed, so his due process rights were not violated when the Board issued its recission decision pursuant to Code Section 6138(d)(5)(i) without a counselled hearing. *Id.*[4]

---

[4] *See also Anderson v. Pennsylvania Parole Board*, ___ A.3d ___, ___ n.7 (Pa. Cmwlth., No. 1248 C.D. 2020, filed October 20, 2021), slip op. at 7 n.7 ("[P]arole revocation, where a parolee's liberty is at stake, carries with it a constitutionally guaranteed right to a hearing, while parole rescission, where the inmate is still confined, does not. Specifically, a Board's parole rescission decision due to prison misconduct is not subject to a hearing. Accordingly, the Board's Rescission Report properly reflected: 'Hearing is not required because: . . . [i]nmate received a misconduct hearing in SCI[.]'") (citations omitted).

8

Accordingly, the Board's order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Niheim Miller,                          :
                                        :
                    Petitioner          :
                                        :
          v.                            : No. 9 C.D. 2021
                                        :
Pennsylvania Parole Board,              :
                                        :
                    Respondent          :


# **O R D E R**


AND NOW, this 22nd day of December, 2021, the order of the Pennsylvania Parole Board dated December 14, 2020, is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge